IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARKS CONSTRUCTION CO., INC., et al.,

Plaintiffs,

vs.  CIVIL ACTION NO 1:05CV73
The Honorable Frederick P. Stamp, Jr.

THE HUNTINGTON NATIONAL BANK, et al.,

Defendants.

## ORDER/OPINION

On September 8, 2009 Defendants filed their "Motion to Quash Plaintiffs' Subpoena to Carol Petter, with exhibits attached [Docket Entry 192]. On September 16, 2009, Plaintiffs filed their Response to the Motion, with exhibits [Docket Entry 202]. No Reply was filed, and the Court permitted none. Pretrial non-dispositive discovery motions were referred to the undersigned United States Magistrate Judge by United States District Judge Frederick P. Stamp by Order dated July 10, 2009.

### I. The Parties' Contentions

In their Motion Quash, Defendants state that they disclosed Ms. Petter as a rebuttal expert witness on August 4, 2009. "The disclosure specifically indicated that Ms. Petter is not a retained expert, is not specifically employed to provide expert testimony, and does not regularly give expert testimony as part of her duties." Defendants state that Ms. Petter is a vice president of retirement plan services at HNB and was disclosed as a rebuttal expert "out of an abundance of caution." Defendants advise that Ms. Petter was "involved in the factual scenario underlying the lawsuit, and was, at times relevant to the dispute, the manager of Defendant Sharon Hughes." She has never been identified as an expert before and prior to this case has never given a deposition. Defendants further advise: "Based upon her first-hand factual knowledge of the events related to this matter, as well as

her general knowledge of the banking industry and training, **she is qualified to opine as an expert and may offer opinions at trial that rebut those of Plaintiffs' proposed expert, Mark Johnson.**" (emphasis added by the Court).

On August 21, 2009, Plaintiffs served on Ms. Petter, a subpoena seeking a vast array of documents. Defendants advise that a "meet and confer telephone conference on August 25, 2009, was unsuccessful in resolving the differences between the parties regarding the subpoena." (Defendant's Motion at 2). Defendants object to a large number of items in the subpoena, arguing they "seek attorney client privileged and work product protected information."

Plaintiffs, in response, argue that Ms. Petter, although an employee of HNB, was "designated by the Defendants specifically to 'contradict and/or rebut' the opinions of Plaintiffs' experts fully disclosed pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure." (Plaintiff's brief at 1).

Plaintiffs first contend that Defendants have produced no documents in response to the subpoena, "even those not possibly protected by any privilege claims." (Plaintiff's brief at 2).

Plaintiffs further dispute Defendants' contention that they had a "meet and confer" as required by the Local Rules. Plaintiffs contend that the only mention of this issue by the defendants was that "its counsel was considering what documents they might produce in response to the Subpoena, however, the basis for withholding any document, let alone all documents, was never discussed prior to the filing of their Motion." (Plaintiff's brief at 2, Fn.1.)[1]

Regarding the substantive issue, Plaintiffs argue that the burden is on Defendants to

---

[1]It is unnecessary to decide the factual dispute whether a meet and confer took place in order to decide the motion at hand. Therefore, the Court does not address the meet and confer issue.

demonstrate the applicability of their privilege claims. They claim that Ms. Petter has been transformed by Defendants from essentially a trial consultant into a testifying rebuttal expert, and, as such, Defendants cannot avail themselves of any privilege claims otherwise applicable to their communications with her.

## II. Discussion

Fed. R. Civ. P. 26(a)(2) provides:

(A) *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identify of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(B) *Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness - - if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involves giving expert testimony. The report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the data or other information considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Defendants argue that Ms. Petter is not retained or specially employed to provide expert testimony in the case and her duties as an employee do not regularly involve giving expert testimony. Defendants therefore argue that Ms. Petter is not required to file the written report required by 26(a)(2)(B), and is therefore also not required to produce attorney-client privileged or work product protected documents.

Plaintiffs argue to the contrary, that Ms. Petter is a testifying expert, that "strips away the

shield of privilege for all that she has seen and been told by defense counsel." (Plaintiff's brief at 3, citing Vaughan Furniture Co. Inc. v. Featureline Mfg. Inc., 156 F.R.D. 123 (M.D.N.C. 1994)).

Plaintiffs attached to their Motion Ms. Petter's Affidavit, which states that she is Vice President of Retirement Plan Services for HNB; that she was defendant Sharon Hughes' manager during the conversion process at issue in this case; that she has never before given a deposition or prepared an expert report; that she has not been asked to prepare an expert report in this case; and that she is not receiving any compensation related to any work associated with this matter, other than the compensation she would normally receive as an employee of HNB. Notably, however, the Affidavit does state: "I have never been identified as an expert in any legal proceeding, **other than this one**," expressly acknowledging her role as expert. (emphasis added by the Court). Finally, "**[s]ince this litigation started, I have conferred with counsel and others in preparation for and in anticipation of the trial of this matter. I have received e-mails and documents related to this matter as part of my efforts to assist in the defense of this litigation.**" (emphasis added by the Court).

Plaintiffs also attached "Defendants' Disclosure of Rebuttal Expert Witnesses," which, with regard to Ms. Petter, states only:

> Ms. Petter's testimony **is expected to include opinions which may contradict and/or rebut the opinions of Plaintiff's previously disclosed experts**. Ms. Petter is not retained or specifically employed to provide expert testimony in this case and her duties do not regularly involve giving expert testimony. (emphasis added by the Court).

The Court calls to counsels' attention Local Rule of Civil Procedure 26.01(b)[2], which

---

[2]Counsel for the parties did not note this rule or its requirements in their respective briefings or presentations.

4

provides:

> **Disclosures Under Fed R. Civ. P. 26(a)(2) Regarding Experts**. Unless otherwise ordered or stipulated by the parties, the making, sequence, and timing of disclosures under Fed. R. Civ. P. 26(a)(2) will be as follows:
>
> . . . .
>
>> (3) all parties shall provide, no later than twenty days prior to the discovery completion date, the disclosures required by Fed. R. Civ. P. 25(a)(2)(A) and (B) if the evidence **is intended solely to contradict or rebut evidence on the same issue identified by another party under Fed. R. Civ. P. 26(a)(2)(C).**
>
> The disclosures described in Fed. R. Civ. P. 26(a)(2)(B) shall not be required of witnesses who have not been specially retained or employed by a party to give expert testimony in the case, including physicians and other medical providers who examined or treated a party or party's decedent unless the examination was for the sole purpose of providing expert testimony in the case, or one whose duties as the party's employee regularly involve giving expert testimony . . . .
>
> In all events, a party seeking to elicit opinion testimony under Federal Rules of Evidence 702, 703, or 705 from such witnesses shall:
>
>> (1) to the extent that such opinions are explicitly stated in records prepared by such witnesses and have been produced in the course of discovery, identify each such person as an expert witness who is anticipated to testify at the trial fo the case;
>
>> **(2) to the extent that such opinions are not explicitly stated in records prepared by such witnesses or have not been produced in the course of discovery, identify each witness and state the subject matter on which the expert will testify, the substance of the facts and opinions to which the expert will testify, and a summary of the grounds for each opinion or, in the alternative, provide a report, prepared by the witness, that comports with the provisions of Fed. R. Civ. P. 26(a)(2)(B).**
>
>> (3) The disclosures discussed in paragraph (2) above must be made within the time lines detailed in L. R. Civ. P. 26.01(b), *supra*. (emphasis added by the Court).

Defendant's submissions as emphasized herein clearly identify Petter as a witness who will offer opinion testimony in rebuttal to opinions rendered by Plaintiffs' disclosed expert.

5

The Court's review of the docket and the parties' submissions does not indicate that the information required by the local rule has been provided. Although Defendants surely know, and Plaintiffs may know[3] the substance of the facts and opinions to which Ms. Petter will testify, the Court certainly does not. The Court does not see in the record before it either an explicitly-stated opinion prepared by Ms. Petter or "the subject matter on which [Ms. Petter] will testify, the substance of the facts and opinions to which [Ms. Petter] will testify, and a summary of the grounds for each opinion, or in the alternative . . . a report, prepared by [Ms. Petter], that comports with the provisions of Fed. R. Civ. P. 26(a)(2)(B)." If, as the Court suspects, such has not been provided, then clearly the rule has been violated and any attempt to comply now would be untimely, as discovery was originally scheduled to be completed by September 21, 2009. Even under the extension of discovery granted by the District Judge, discovery is to be completed by October 5, 2009, less than two weeks from this date.

In Sullivan v. Glock, Inc., 175 F.R.D. 497 (D. Md.1997), a defendant sought to exclude an expert's testimony at trial on the grounds that the plaintiff had failed to produce Rule 26(a)(2)(B) disclosures. The district court denied the request, finding that the subject experts were hybrid witnesses for whom no 26(a)(2)(B) disclosures were required. The district judge, however, cautioned that, in determining whether a party is required to make the 26(a)(2)(B) disclosures for a hybrid fact/expert witness, "it is a mistake to focus solely on the status of the expert, instead of the nature of the testimony which will be offered at trial." Id. at 500. Although Sullivan is not binding

---

[3]There is no evidence that the Plaintiffs know the substance of the facts and opinions to which Petter will testify. To the contrary, there is some evidence that part of the purpose of the deposition now scheduled for the last day of September is to ferret out those opinions and the bases therefor.

precedent in this Court, the undersigned finds its message – "that merely because a party designates a witness as a hybrid fact/expert witness under rule 26(a)(2)(A), as opposed to a retained expert under Rule 26(a)(2)(B), does not necessarily make him or her so"– instructive. The District Court of Maryland provides what the undersigned believes is a logical, efficient process to decide whether the disclosures are required: The court should analyze the source of the information that forms the basis of the witness' opinion and determine whether the information was obtained in the ordinary course of the witness' responsibilities or was provided by litigation counsel in order for the witness to form an opinion for the case. Id. at 501. The undersigned adopts the Sullivan approach.

In order to apply Sullivan, the Court must review the source of the facts relied upon and the scope of the opinions offered by Ms. Petter, to determine if she is truly a hybrid fact/expert witness. If she is a hybrid fact/expert witness, the Court will not require the production of materials protected by the work product doctrine or the attorney-client privilege. This is consistent with the Local Rule, which does not require a party to produce the disclosures required by Rule 26(a)(2)(B) for a hybrid fact/expert witness. The Sullivan approach balances two competing important interests: 1) Disclosure of attorney work product and attorney-client privileged materials should be compelled only in very limited circumstances, and 2) A party should not be able to circumvent the important disclosure obligations of Rule 26(a)(2)(B) by simply using an employee to serve in the role of a retained expert.

In In re USGEN New England, Inc., v. TransCanada Pipelines, Ltd. (2007 WL 2363353 (Bkrtcy.D.Md.), the Bankruptcy Court for the District of Maryland analyzed several witnesses

disclosed under 26(a)(2)(A) using the <u>Sullivan</u> process, as follows:[4]

> ***Kay Coad***: According to her affidavit, Ms. Coad is an employee of TransCanada who served as the Sales Representative for Eastern Sales and Marketing from April 1997, though January 2006. Her affidavit stated: (1) she participated in the marketing of the capacity that became available because of USGen's rejection of the Agreement; and (2) from the time of the rejection of the Agreement in September, 2003, through January, 2006, she had primary day-to-day responsibility for managing and administering the open seasons for capacity on the TransCanada Mainline. Her affidavit addressed TransCanada's effort to sell the capacity that was made available by USGen's rejection of the Agreement, which efforts are relevant to TransCanada's mitigation efforts and are clearly factual in nature. According to her affidavit, Ms. Coad will also offer the opinion that TransCanada marketed the available capacity to all potential purchasers and did so in accordance with her understanding of applicable Canadian law and regulations.
>
> The Court concludes that, as presented, Ms. Coad is a hybrid fact/expert witness governed by Rule 26(a)(2)(A). She will testify primarily, if not exclusively, about facts that arose in the ordinary course of her employment. Her opinion testimony appears primarily to be her view that when she did her job, she did it well . . . . The court will not compel TransCanada to produce materials protected by the attorney work-product doctrine or the attorney-client privilege that may have been provided to Ms. Coad.

On the other hand:

> ***Zafir Samoylove***: USGen states that Mr. Samoylove is the principal architect of TransCanada's mitigation and damages analysis and calculation, and that the analysis does not reflect information he obtained in the ordinary course of employment. USGen states that Mr. Samoylove obtained the information from, and performed the analysis on instructions by, TransCanada's counsel. TransCanada contends that the substance of Mr Samoylove's testimony will be based on matters that arose in the ordinary course of his employment.
>
> The record before the court is not adequate to determine the source of Mr. Samoylove's facts or the scope of his opinion. TransCanada did not submit an affidavit of Mr. Samoylove in support of the motion for summary judgment. Neither party submitted Mr. Samoylove's deposition transcript, other than three pages submitted by USGen.

---

[4]This case is used as a reference for the type of analysis this Court would do in this case. The case is unpublished, and is attached pursuant to F.R.A.P 32.1.

Finally, with respect to *Rob Whitmore*:

> The court concludes that, at least with respect to the opinions and matters in his initial affidavit . . . .Whitmore is a hybrid fact/expert witness governed by Rule 26(a)(2)(A). His initial affidavit testimony is primarily about TransCanada's toll design process and how revenues derived from the sale of Discretionary Services are factored into that process. As presented, he will testify about facts that he learned in the ordinary course of his employment The court will not compel TransCanada to produce material protected by the attorney work product doctrine or the attorney-client privilege that may have been provided to Whitmore in the preparation of his initial affidavit.
>
> The resolution is not so clear with respect to Whitmore's supplemental affidavit . . . . . There he disputes [USGen's expert opinion]. TransCanada must produce a log of materials and information provided to Whitmore in the preparation of his supplemental affidavit, to the extent it has not done so.

In the case before this Court, because Defendants have not provided the type of information relied upon by the <u>USGEN New England</u> Court or the information required by the Local Rule, which is also the minimum information required for the Court to conduct the <u>Sullivan</u> analysis in resolution of the issue, the Court does not know the subjects of Ms. Petter's proposed testimony including: 1) the subjects of any rebuttal opinion testimony she may render; 2) whether she will testify as to facts and opinions; 3) whether she learned the facts in the ordinary course of her employment or from information, albeit some of which may be privileged, that she obtained through the admitted consultations she had with counsel and others in preparation for trial; and/or 5) whether her evidence "is intended solely to contradict or rebut evidence on the same issue identified by another party under Fed.R.Civ.P. 26(a)(2)( C )." L.R.Civ.P. 26.01(b) *supra*. Due to Defendants' failure to supply the information, the Court cannot determine whether Defendants must produce information requested by the subpoena duces tecum at issue even if it is protected by the attorney work product doctrine of the attorney-client privilege and was provided to Ms. Petter in the development of any opinions she may be prepared to render. In short, the failure of the Defendants the required information

precludes this Court from doing the herein adopted analysis as set forth in Sullivan.

### III. Order

Accordingly, Defendants' Motion to Quash Plaintiffs' Subpoena to Carol Petter [Docket Entry 192] is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to provide a copy of this Order to counsel of record.

DATED: September 24, 2009.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE