IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**MARKS CONSTRUCTION CO., INC.**
a West Virginia Corporation, on behalf
of the Marks Construction Co., Inc. 401(k)
Profit Sharing Plan
and
**JAMES MARKS, KAREN MARKS,**
**ANGELA DAVIS, and RICHARD STRAIGHT,**
all individual participants thereunder,

       **Plaintiffs,**

v.                              **Civil Action No. 1:05CV73**
                                    (Judge Frederick P. Stamp, Jr.)

**THE HUNTINGTON NATIONAL BANK** and
**SHARON HUGHES,**

       **Defendants.**

**DECLARATION OF JOSEPH A. GAROFOLO IN SUPPORT OF
PLAINTIFFS' PETITION FOR ATTORNEYS' FEES AND EXPENSES
PURSUANT TO ERISA § 502(g)**

I, Joseph A. Garofolo, declare as follows:

1.      I am a member in good standing of the Bar of the State of California, admitted to practice before the Ninth Circuit Court of Appeals, the United States District Court for the Northern District of California, the United States District Court for the Central District of California, and all California state courts.  I am a partner with ERISA Law Partners, LLP, a boutique firm specializing in the field of employee benefits, and in particular in the Employee Retirement Income Security Act of 1974, as amended ("ERISA").  I am admitted *pro hac vice* in

**Exhibit 24**

the above-styled cause and am co-counsel for the Plaintiffs.

2.      This declaration is submitted in support of Plaintiffs' Petition for Attorneys' Fees and Expenses Pursuant to ERISA § 502(g) ("Petition").  I have personal knowledge of the facts stated herein and if called upon to testify to those facts I could and would competently do so.

3.      I have a Bachelor of Science Degree from the University of California, Berkeley, Haas School of Business, and a Juris Doctorate from the University of Michigan Law School.  I have worked extensively in the field of ERISA since 1999 when I was employed by the United States Department of Labor, Pension and Welfare Benefits Administration (now the Employee Benefits Security Administration), the agency responsible for enforcing ERISA.  From 2000 to 2003, I worked for Baker & McKenzie and White & Case LLP specializing in the field of ERISA, in both transactional and litigation settings.

4.      Since 2003, I have continued to specialize in ERISA and have devoted the majority of my practice to ERISA litigation.  I have successfully litigated numerous ERISA cases in federal courts across the country ranging from complex class actions involving fiduciary breach claims to individual participant benefit denials.  The quality of the representation that I have provided has been repeatedly recognized by federal courts.  *See Cyr v. Reliance Standard Life Ins. Co.*, No. CV 06-1585 DDP (RCx), 2008 WL 7095148, at *4 (C.D. Cal. Jan. 16, 2008); *Eslava v. Gulf Telephone Co., Inc.*, Civil Action No. 04-0297-KD-B, 2007 WL 4105977, at *1 (S.D. Ala. Nov. 16, 2007); *John LaPointe, et al., v. Electrical Workers Pension Trust for Northern Nevada, et al*., Case No. 3:08-cv-225-LRH-RAM, U.S. District Court for the District of Nevada (see Petition, Ex. 25 10/15/09 Transcript of Hearing at 18).

5.      In addition to my litigation practice, I have provided, and currently provide, advice to ERISA clients in connection with the drafting of plan documents, fiduciary compliance issues,

Exhibit 24

service provider arrangements, and various other issues relating to the design, management, and administration of employee benefit plans.

6.      I have also served as an independent fiduciary in connection with a defined contribution plan and have assisted in the administration of multi-employer health and welfare benefit plans.

7.      I am a member of a number of professional organizations, including the Western Pension and Benefits Conference, the International Foundation of Employee Benefit Plans, and the National Center for Employee Ownership.  I have lectured before the Western Pension & Benefits Conference on ERISA.

8.      I accepted this case on a contingency fee basis.  During the period that I was litigating this case, I forwent opportunities from paying clients and other contingent engagements.

9.      I am familiar with the rates charged by ERISA attorneys and believe that there is a national market for ERISA specialists with respect to fiduciary breach lawsuits.  In the beginning of 2008, for work performed almost entirely in 2006 and 2007, I was awarded $400 per hour by the United States District Court for the Central District of California after my client prevailed on summary judgment.  *See Cyr*, 2008 WL 7095148, at \*4.  My standard hourly rate in 2009 for ERISA matters was, and is, $450 per hour, and I currently have clients that pay that rate.  Based on my knowledge of rates charged by other ERISA attorneys with similar ability, reputation, and experience, a rate of $450 per hour for 2009 is at or below a reasonable rate for my litigation services. (*See* Declarations of Joseph A Creitz, Jonathan J. Whitehead, and Edward F. Broderick, attached hereto as Exhibits A, B, and C, respectively).  In addition, based on my knowledge of rates charged by other ERISA attorneys of similar ability, reputation, and experience, rates of at least $475 per hour and $200 per hour, for Jon F. Doyle and Benjamin P. Quest, respectively, are

3

**Exhibit 24**

reasonable.

10.     During the course of this litigation, as is my standard practice, I have kept contemporaneous time records in increments of six minutes (or 1/10 of an hour).  According to my billing records, and adding an additional 15 hours that I anticipate working reviewing any opposition, preparing the reply brief in support of the instant fee motion, and preparing for, and attending any hearing on the motion, I have spent 434.2 hours on this matter (this subtracts 8.4 hours after September 21, 2009).  Thus my total fees incurred on the instant case at $450/hour are $ 195,390.00.  A detailed time description is attached hereto as Exhibit D.  I have reviewed my time entries and I attest that they are true and correct.

11.     It is my standard practice to bill my clients for all litigation-related expenses and costs, including but not limited to filing fees, deposition transcripts, costs of service of process, postage and overnight air services, photocopying, outside vendor services used for discovery and/or document conversions, and all travel-related expenses.  Travel from San Francisco to West Virginia for matters relating to this action was required.

12.     The costs and expenses incurred pertaining to this case are reflected in the records of ERISA Law Partners, LLP.  These records are prepared from original receipts and/or credit card statements and are an accurate record of costs and expenses incurred.  A detail description of non-taxable costs and expenses in the amount of $2,722.67 is attached hereto as Exhibit E.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 20th day of November 2009 at San Francisco, California.

               /s/Joseph A. Garofolo
               Joseph A. Garofolo

**Exhibit 24**

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA CLARKSBURG

**MARKS CONSTRUCTION CO., INC.**
a West Virginia Corporation, on behalf
of the Marks Construction Co., Inc. 401(k)
Profit Sharing Plan
and
**JAMES MARKS, KAREN MARKS,**
**ANGELA DAVIS, and RICHARD STRAIGHT,**
all individual participants thereunder,

      **Plaintiffs,**

v.

                                    **Civil Action No. 1:05CV73**
                                    (Judge Frederick P. Stamp, Jr.)

**THE HUNTINGTON NATIONAL BANK** and
**SHARON HUGHES,**

      **Defendants.**

## DECLARATION OF JOSEPH A. CREITZ

I, Joseph A. Creitz, declare as follows:

1.      I have practiced law since 1993. I am currently admitted to practice before all courts of the state of California, the United States District Courts for the Northern, Central, Eastern, and Southern Districts of California, and the Seventh and Ninth Circuit Courts of Appeal. I received a Juris Doctorate from the University of California, Hastings College of the Law and a Bachelor of Science degree in U.S. History with distinction from the University of Wisconsin – Madison. I also have an LL.M. in Taxation with honors from the Golden Gate University School of Law, with a focus on tax aspects of the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

2.       From 1992 to 1995, I worked for a small litigation boutique handling pre-trial litigation and appeals in both state and federal courts.  From 1995 through 1999, I worked at Van Bourg, Weinberg, Roger & Rosenfeld, representing labor unions and Taft-Hartley ERISA benefit plans predominately in federal ERISA litigation.  My work during that period generated numerous published ERISA decisions.  From 1999 to 2003, I served as an in-house general counsel, in which capacity I was also named ERISA fiduciary of the company's 401(k) plan.  From 2003 to 2005, I worked as a Trial Attorney in the San Francisco Regional Office of the Solicitor of Labor, United States Department of Labor, predominantly litigating ERISA disputes on behalf of Elaine L. Chao, United States Secretary of Labor.   There, in addition to training other DOL attorneys and investigators on ERISA and litigation-related issues, I initiated and resolved numerous ERISA claims against plan sponsors and plan fiduciaries, and tried <u>Chao v. Dearman, et al.</u>, 2004, unpubl. decision of the U.S. Dist. Court for the Central Dist. of California.  From 2005 to the present I have had my own practice, focusing on ERISA matters, representing participants, labor unions, and ERISA plan sponsors in litigation and transactional and tax-related matters.  In addition to my law practice, since 1997, I have held the title of Adjunct Professor at U.C. Hastings College of the Law, in San Francisco, where I teach courses in Legal Writing and Research, and Moot Court.  In the latter course, for the last three years I have taught topics arising from pending Supreme Court and Ninth Circuit ERISA appeals.

3.       Based on my experience, I believe the community for ERISA services respecting fiduciary breach and other complex ERISA claims is the national marketplace.  I am personally familiar with the national market of rates of other attorneys with comparable expertise in the area. For example, Dan Feinberg of Lewis, Feinberg, Lee, Renaker & Jackson, P.C., a firm specializing in plaintiff-side ERISA work, has been awarded hourly fees of $575 in multiple published ERISA

2

decisions.  In January 2008, I was awarded an hourly rate of $475 by the Central District of California in *Cyr v. Reliance Standard Life Ins. Co.*, No. CV 06-1585 DDP (RCx), 2008 WL 7095148 (C.D. Cal. Jan. 16, 2008), an ERISA case.

4.       I am familiar with Joseph A. Garofolo's practice and I have litigated multiple cases with him over the last five years.  Additionally, I have argued before the Ninth Circuit Court of Appeals with him.  Mr. Garofolo is a nationally recognized ERISA attorney.  I have litigated with and against numerous ERISA attorneys throughout the country, including many of the most respected members of the ERISA defense bar, and Mr. Garofolo has the most encyclopedic knowledge and mastery of the ERISA statute, the regulations, and relevant cases of any attorney whom I have met.  He is one of the finest federal litigators in the field.

5.       In my experience, skilled ERISA attorneys who accept contingency cases forgo significant opportunities of other paid employment.  Therefore, participants and beneficiaries, especially in relatively small cases, often have difficulty retaining competent counsel.  I believe Mr. Garofolo is one of the very few ERISA attorneys of his ability willing to accept such cases.

6.       Based on my knowledge of the national marketplace for ERISA attorneys, the hourly rate for an attorney of his skill, reputation, and knowledge is at least $450 per hour.

I state under penalty of perjury that the foregoing is true and correct.  Executed this 20th day of November 2009 at San Francisco, California.

Joseph A. Creitz

3

1

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA CLARKSBURG**

2

3

4

5   **MARKS CONSTRUCTION CO., INC.**
a West Virginia Corporation, on behalf

6   of the Marks Construction Co., Inc. 401(k)

7   Profit Sharing Plan and
**JAMES MARKS, KAREN MARKS,**

8   **ANGELA DAVIS, and RICHARD STRAIGHT,**
all individual participants thereunder,

9

10            **Plaintiffs,**

11

12   v.                                           **Civil Action No. 1:05CV73**
(Judge Frederick P. Stamp, Jr.)

13

14   **THE HUNTINGTON NATIONAL BANK** and
**SHARON HUGHES,**

15

16            **Defendants.**

17
            **DECLARATION OF JONATHAN J. WHITEHEAD**

18
      I, Jonathan J. Whitehead, declare under penalty of perjury that the following statements

19
are true and correct:

20
      1.      I am a member in good standing of the Nevada State Bar and Washoe County

21
Bar Association, admitted to practice before the Ninth Circuit Court of Appeals, the United

22

23   States District Court for the District of Nevada and the state courts of Nevada.

24
      2.      From September 1991 through August 1992, I clerked for the honorable Cliff

25
Young of the Nevada Supreme Court, and from September 1992 through August 1993, I

26

27

28

**Exhibit B to Declaration of J. Garofolo**

1   clerked for the honorable Howard D. McKibben of the United States District Court for the

2   District of Nevada.

3       3.      Following my clerkships, in August 1993, I commenced my private practice as

4   an associate for the firm of Anderson, Pearl, Hardesty, Lyle, Murphy & Stone, which over the

5   years underwent several shareholder and name changes.  While there, I principally worked for

6

7   attorneys Robert E. Lyle and James W. Hardesty, the current Chief Justice of the Nevada

8   Supreme Court.  Mr. Lyle's practice focused on a multi-party and class action tort practice,

9   including construction defect, environmental and toxic torts, such as dust and oil spill cases.

10  Justice Hardesty's practice, in turn, focused on complicated commercial litigation.

11

12      4.      In 1998, I formed my current firm of Whitehead & Whitehead with my father,

13  Jerry C. Whitehead, who had substantial experience in handling, litigating and mediating

14  complicated cases, including class actions.  I have continued to focus my practice on a tort

15  practice, including, but not limited to, multi-party toxic torts and breach of fiduciary claims.  I

16  have also represented clients in benefit denial cases under the Employee Retirement Income

17  Security Act of 1974 ("ERISA") and, currently, in a complex ERISA class action.

18

19      5.      I am familiar with Joseph A. Garofolo's expertise in the field of ERISA.  I have

20  worked closely with him since early 2008, in a case where we both serve as counsel to a class

21  of participants and beneficiaries in a complex ERISA action in Nevada federal court.  Just

22  recently, the class action settlement was preliminarily approved where the Court complimented

23  the representation of counsel.

24      6.      Having worked with Mr. Garofolo, I can attest that he is an ERISA expert and is

25

26  an extremely skilled litigator.  In the Nevada class action litigation, he demonstrated a mastery

27

28                                                                  2

Whitehead & Whitehead
150 West Huffaker Lane
Suite 101
Reno, Nevada 89511
(775) 823-7700

**Exhibit B to Declaration of J. Garofolo**

over numerous complex ERISA issues from fiduciary standards to preemption.  I have encountered no other litigator with both the breadth and depth of his ERISA knowledge.

7.      I am familiar with the market for attorney services in Nevada and the general market rates for attorneys' fees.  To my knowledge, there are a very limited number of ERISA plaintiffs' attorneys throughout Nevada, likely due to the complexity of the practice area.

8.      In my opinion, an hourly rate of $450 is at or below a reasonable rate that would be charged in Nevada for an ERISA litigator with Mr. Garofolo's experience, ability, and reputation.

THAT DECLARANT FURTHER SAYETH NOT.

I declare under penalty of perjury that the foregoing is true and correct, executed on November 20, 2009 at Washoe County, Nevada.

JONATHAN J. WHITEHEAD

Whitehead & Whitehead
150 West Huffaker Lane
Suite 101
Reno, Nevada 89511
(775) 823-7700

3

**Exhibit B to Declaration of J. Garofolo**

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA CLARKSBURG

**MARKS CONSTRUCTION CO., INC.**
a West Virginia Corporation, on behalf
of the Marks Construction Co., Inc. 401(k)
Profit Sharing Plan
and
**JAMES MARKS, KAREN MARKS,**
**ANGELA DAVIS, and RICHARD STRAIGHT,**
all individual participants thereunder,

        **Plaintiffs,**

v.

        **Civil Action No. 1:05CV73**
        (Judge Frederick P. Stamp, Jr.)

**THE HUNTINGTON NATIONAL BANK** and
**SHARON HUGHES,**

        **Defendants.**

## DECLARATION OF EDWARD F. BRODERICK, JR.

I, Edward F. Broderick, Jr., pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I have been engaged in the private practice of law in New Jersey since 1960, first with my father, Edward F. Broderick, who later became a Superior Court Judge, and then as senior partner in Broderick and Grather, the predecessor of Broderick, Newmark and Grather. Before entering the private practice of law, I served for three years in the United States Air Force, completing one year of flight training before joining the Judge Advocate General's office. Upon leaving active duty I joined the Air Force Reserve. I retired from the Reserve as a colonel in 1987.

2.      I was admitted to the New Jersey bar in 1957, the U.S. District Court for the District of New Jersey and the U.S. Bankruptcy Court for the District of New Jersey in 1958, the U.S. Court

**Exhibit C to Declaration of J. Garofolo**

of Appeals for the Armed Forces in 1958, the U.S. Supreme Court in 1972, and the U.S. Court of Appeals for the Third Circuit in 1992.

3.      My practice has included significant personal injury and wrongful death actions, employment law, civil rights litigation, and aviation safety.  I have tried hundreds of cases both civil and criminal before juries and as bench trials.

4.      I was elected fellow of the American Bar Foundation, a sustaining member of the American Trial Lawyers Association, a former member of the Morris County District X Ethics Committee, and a member of the Supreme Court's Committee on the Unauthorized Practice of Law. I have been certified as a Civil Trial Attorney by the Supreme Court of New Jersey since 1982. I received the 1999 Professional of the Year Award bestowed by the New Jersey State Bar Association and previously served as Chair of the Morris County Bar Association's Committee on Professionalism.  In 2003, I was awarded the Professionalism Award by the Morris County Bar Association.

5.      Litigation involving the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), is a highly specialized field of law.  Based on my experience, there are few local attorneys with the knowledge and expertise required to litigate ERISA cases, particularly on the plaintiffs' side.

6.      I have worked with Joseph A. Garofolo for over two years in connection with an ERISA case involving fiduciary breaches in the U.S. District Court for the District of New Jersey. Mr. Garofolo, a San Francisco attorney, was retained as co-counsel based on his reputation and expertise in ERISA.  Throughout the time we have worked together, he has displayed exceptional knowledge and ability relating to all aspects of ERISA and federal litigation.

7.      In my opinion, and based on my knowledge of the market for ERISA attorneys, an

2

**Exhibit C to Declaration of J. Garofolo**

hourly rate of at least $450.00 is reasonable for an attorney with Mr. Garofolo's knowledge, reputation, experience, and ability.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 19th day of November at Morristown, New Jersey.

Edward F. Broderick, Jr.

3

Exhibit C to Declaration of J. Garofolo

# ERISA Law Partners, LLP

22 Battery Street, Suite 1000
San Francisco, California 94111
(415) 981-8700

Statement as of November 20, 2009

Marks Construction

5003-002: Litigation

| **Professional Fees** | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 1/28/2009 | JAG | Discussion with M. Romano regarding discovery, litigation strategy, and scheduling order. | 0.70 | 450.00 | 315.00 |
| 2/1/2009 | JAG | Review 30(b)(6) deposition notice. | 0.30 | 450.00 | 135.00 |
| 2/2/2009 | JAG | Discussion with M. Romano regarding litigation strategy and additional items to include in 30(b)(6) deposition (.5); and review recent ERISA caselaw regarding unreasonable fees (2.2). | 2.70 | 450.00 | 1,215.00 |
| 2/5/2009 | JAG | Review First Amended Complaint and draft notes regarding additional subject matters for 30(b)(6) deposition notice (.6); review transcript of recorded conversation between M. Romano and S. Hughes (.9); review documents produced by Defendants (1.0); draft additional topics for 30(b)(6) deposition notice (1.4); draft e-mail to M. Romano regarding 30(b)(6) notice (.4); review fiduciary exception to the attorney client privilege in the Fourth Circuit (.4); review federal ERISA suits filed against Huntington (.4); draft additional document requests (.6); and final review and revisions to 30(b)(6) deposition (.7). | 6.40 | 450.00 | 2,880.00 |
| 2/6/2009 | JAG | Discussion with M. Romano regarding 30(b)(6) deposition (.2); and review class action issues and draft e-mail to M. Romano regarding the same (.5). | 0.70 | 450.00 | 315.00 |
| 2/23/2009 | JAG | Begin review of answer and counterclaim to First Amended Complaint. | 0.30 | 450.00 | 135.00 |
| 2/25/2009 | JAG | Discussion with M. Romano regarding answer to counterclaim. | 0.50 | 450.00 | 225.00 |
| 3/1/2009 | JAG | Review e-mail from M. Romano providing proposed response to interrogatory regarding damages and draft response to | 0.20 | 450.00 | 90.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | the same. | | | |
| 3/2/2009 | JAG | Review request for production regarding documents relating to services and draft e-mail providing revisions (.4); review M. Romano calculation of losses (.3); review answer to counterclaim and draft e-mail to M. Romano with proposed revisions (.5); and discussion with M. Romano regarding expert witnesses and loss calculations (.3). | 1.50 | 450.00 | 675.00 |
| 3/3/2009 | JAG | E-mail exchange with M. Romano regarding alleged conflict. | 0.20 | 450.00 | 90.00 |
| 3/10/2009 | JAG | Review cases relating to delay in bringing motion for disqualification of counsel (.8); and draft e-mail to M. Romano regarding response to opposing counsel asserting the existence of an unwaivable conflict for Plaintiffs' counsel (.2). | 1.00 | 450.00 | 450.00 |
| 3/17/2009 | JAG | Draft e-mail to M. Romano regarding conflict of opposing counsel. | 0.20 | 450.00 | 90.00 |
| 4/3/2009 | JAG | Complete pro hac vice forms for Marks Construction case. | 0.50 | 450.00 | 225.00 |
| 4/8/2009 | JAG | Review of documents produced in discovery (.9); and discussion with M. Romano regarding documents already produced and timeline for expert retention (.7). | 1.60 | 450.00 | 720.00 |
| 4/11/2009 | JAG | Review letter written by M. Romano to client. | 0.70 | 450.00 | 315.00 |
| 4/12/2009 | JAG | E-mail exchange with M. Romano regarding letter to client. | 0.20 | 450.00 | 90.00 |
| 4/13/2009 | JAG | Discussion with M. Romano regarding litigation strategy (.4); and review letter to R. Straight drafted by M. Romano and draft comments and revisions (2.3). | 2.70 | 450.00 | 1,215.00 |
| 4/21/2009 | JAG | Discussion with B. Quest regarding documents produced in discovery to review and analyze (.2); and discussion with M. Romano regarding discovery response action allegations (.3). | 0.50 | 450.00 | 225.00 |
| 5/3/2009 | JAG | Review Defendant HNB's responses to Plaintiffs' second combined discovery requests and draft sections of meet and confer letter from M. Romano relating to Defendant HNB's objections (.9); draft responses to additional objections for meet and confer letter (3.1); draft e-mail to M. Romano regarding meet and confer letter (.4); and review and revise discovery | 5.40 | 450.00 | 2,430.00 |

ERISA Law Partners, LLP                                                                          Page: 3

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  | responses (1.0). |  |  |  |
| 5/6/2009 | JAG | Discussion with M. Romano regarding meet and confer letter relating to Plaintiffs' second combined discovery (.3); and review and revise meet and confer letter (2.8). | 3.10 | 450.00 | 1,395.00 |
| 5/7/2009 | JAG | Discussion with M. Romano regarding Defendants' discovery responses (.2); and review expert qualifications of ▓▓▓▓ and M. Johnson (.4). | 0.60 | 450.00 | 270.00 |
| 5/8/2009 | JAG | Discussion with M. Romano regarding experts (1.4); discussion with M. Johnson (.2); discussion with M. Romano and M. Johnson (1.2); and review prior pleadings and discussion with B. Quest (.6). | 3.40 | 450.00 | 1,530.00 |
| 5/8/2009 | BPQ | Review Marks litigation in preparation for motion to amend and inserting class action pleadings. | 1.60 | 200.00 | 320.00 |
| 5/10/2009 | JAG | Review additional experts to potentially retain. | 1.20 | 450.00 | 540.00 |
| 5/11/2009 | JAG | Discussion with B. Quest regarding class allegations (.3); and discussion with ▓ ▓▓▓▓ regarding ▓▓▓▓ as expert witness (.1). | 0.40 | 450.00 | 180.00 |
| 5/11/2009 | BPQ | Discuss with J. Garofolo Marks class action litigation (.3); and review authority in preparation of drafting Marks class action pleadings (2.3). | 2.60 | 200.00 | 520.00 |
| 5/12/2009 | JAG | Review notes and call to leave message with ▓▓▓▓▓(.3); and discussion with B. Quest regarding class action allegations in Marks (.3). | 0.60 | 450.00 | 270.00 |
| 5/12/2009 | BPQ | Continue to review authority in preparation of drafting Marks class action pleadings (1.6); and discuss with J. Garofolo e-mail regarding class action concerns for Marks litigation (.3). | 1.90 | 200.00 | 380.00 |
| 5/13/2009 | JAG | Call to ▓▓▓▓▓▓. | 0.80 | 450.00 | 360.00 |
| 5/14/2009 | JAG | Review objections and letter regarding motion to compel (.5); discussion with M. Romano regarding meet and confer with S. Hauptfueher and J. Calcott regarding Plaintiffs' outstanding discovery requests (.2); discussion with S. Hauptfueher and J. Calcott regarding Plaintiffs' outstanding discovery requests (1.4); discussion with M. Romano regarding litigation strategy and motion to compel (.2); discussion with M. | 3.10 | 450.00 | 1,395.00 |

ERISA Law Partners, LLP

|  |  | Romano regarding expert witnesses and liquidation of the plan assets (.5); and review meet and confer letter and draft e-mail with comments to M. Romano (.3). |  |  |  |
|---|---|---|---|---|---|
| 5/14/2009 | BPQ | Research authority regarding pleading up and class actions for Marks. | 2.90 | 200.00 | 580.00 |
| 5/15/2009 | JAG | Discussion with M. Romano regarding experts and response to e-mail from S. Hauptfuehrer regarding alleged conflict of interest (.3); draft e-mails to potential experts regarding engagement (.2); discussion with ▆▆▆▆ regarding potential expert engagement (.5); discussion with ▆ ▆▆▆▆ regarding ▆▆▆▆ call (.5); and draft e-mail to M. Romano regarding potential expert ▆▆▆▆ (.3). | 1.80 | 450.00 | 810.00 |
| 5/15/2009 | BPQ | Continue to review authority and draft notes for Marks class action amended complaint. | 0.90 | 200.00 | 180.00 |
| 5/17/2009 | JAG | Draft e-mail to M. Johnson regarding call for expert engagement. | 0.20 | 450.00 | 90.00 |
| 5/18/2009 | JAG | Discussion with M. Johnson regarding engagement as expert (1.1); discussion with M. Romano regarding engagement of M. Johnson as an expert and documents to provide (.8); discussion with B. Quest regarding amendment to complaint to assert class action claims (.4); discussion with B. Quest regarding class action allegations for Marks complaint (.9); and review deposition of S. Hughes (.1). | 3.30 | 450.00 | 1,485.00 |
| 5/18/2009 | BPQ | Review authority on typicality and adequacy of representation for Marks class action (1.0); and discuss with J. Garofolo Marks class action amended complaint (1.6). | 2.60 | 200.00 | 520.00 |
| 5/19/2009 | JAG | Discussion with M. Romano regarding documents to provide to M. Johnson (.6); discussion with B. Quest regarding Second Amended Complaint class action allegations (.3); review Defendant HNB's supplemental discovery response (.4); and review deposition fo S. Hughes (.2). | 1.50 | 450.00 | 675.00 |
| 5/19/2009 | BPQ | Review class action authority in preparation of drafting amended complaint for Marks class action (1.3); draft Marks class action amended complaint (3.7); and review authority to draft motion to amend complaint for Marks class action complaint (.2). | 5.20 | 200.00 | 1,040.00 |
| 5/20/2009 | JAG | Review S. Haupfueherer e-mail and draft | 1.10 | 450.00 | 495.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | response (.2); discussion with B. Quest regarding amended complaint (.4); and review documents produced by Defendants (.5). | | | |
| 5/20/2009 | BPQ | Research case authority to draft motion for leave to amend in order to assert class action counts for the Marks litigation (1.5); discuss with J. Garofolo arguments for motion for leave to amend in order to assert class action counts for the Marks litigation (.4); review material from Marks case file in order to draft motion for leave to amend in order to assert class action counts for the Marks litigation (2.8); draft e-mail to J. Garofolo regarding major themes from multiple Marks class action conversations (.2); and draft motion for leave to amend in order to assert class action counts for the Marks litigation (1.9). | 6.80 | 200.00 | 1,360.00 |
| 5/21/2009 | JAG | Discuss litigation strategy with M. Romano (.3); and draft response to Hauptfuehrer e-mail asserting that an unwaivable conflict exists and draft e-mail to M. Romano regarding assertion of state law claims (.9). | 1.20 | 450.00 | 540.00 |
| 5/21/2009 | BPQ | Draft motion for leave to amend for Second Amended Complaint asserting class action claims. | 5.80 | 200.00 | 1,160.00 |
| 5/22/2009 | JAG | Review Plaintiffs' motion for leave to file Second Amended Complaint (1.8); discussion with M. Romano regarding discovery extensions (.4); discussion with B. Quest regarding motion for leave to amend the complaint (.3); discussion with B. Quest regarding motion for leave to amend (.2). review Defendants' motion to disqualify M. Romano and J. Garofolo (.8); and review First Amended Complaint (.6). | 4.10 | 450.00 | 1,845.00 |
| 5/22/2009 | BPQ | Discuss with J. Garofolo revisions to the introduction for motion to leave to amend for the Second Amended Complaint (.3); revise introduction for motion to leave to amend for the Second Amended Complaint (1.9); research discovery to add factual support for motion to leave to amend for the Second Amended Complaint (1.5); and discuss with J. Garofolo internal citations for motion to leave to amend for the Second Amended Complaint (.2). | 3.90 | 200.00 | 780.00 |
| 5/23/2009 | JAG | Review and revise Second Amended Complaint. | 4.60 | 450.00 | 2,070.00 |

ERISA Law Partners, LLP

| 5/24/2009 | JAG | Discussion with ██████ regarding experts (.6); continue to revise Second Amended Complaint (9.8); and review and revise Plaintiffs' motion for leave to amend First Amended Complaint (3.3). | 13.70 | 450.00 | 6,165.00 |
|---|---|---|---|---|---|
| 5/25/2009 | JAG | Continue to review and revise Plaintiffs' motion for leave to amend First Amended Complaint (3.6); and final review and revisions to Second Amended Complaint (1.7). | 5.30 | 450.00 | 2,385.00 |
| 5/26/2009 | JAG | Discussion with M. Romano regarding loss calculation (.6); discussion with M. Romano regarding expert issues (.8); discussion with M. Romano regarding Second Amended Complaint (.6); discussion with M. Romano regarding revisions to motion to amend (1.4); and revise Second Amended Complaint (1.3). | 4.70 | 450.00 | 2,115.00 |
| 5/27/2009 | JAG | Discussion with M. Romano regarding M. Johnson (.9); and discussion with M. Romano and K. Clawson regarding loss issues (.8). | 1.70 | 450.00 | 765.00 |
| 5/29/2009 | JAG | Discussion with K. Clawson regarding loss issues | 0.10 | 450.00 | 45.00 |
| 6/1/2009 | JFD | Discussion with J. Garofolo regarding motion to disqualify; review motion to disqualify (.3); and review motion to amend First Amended Complaint (1.1); and discussion with J. Garofolo regarding disqualification motion (.4). | 1.80 | 475.00 | 855.00 |
| 6/1/2009 | JAG | Discussion with J. Doyle regarding disqualification motion (.3); and discussion with J. Doyle regarding opposition to disqualification motion (.4). | 0.70 | 450.00 | 315.00 |
| 6/2/2009 | JAG | Discussion with M. Romano regarding motion to amend scheduling order (.3); and review prior motions to amend scheduling order and e-mail to M. Romano (.2). | 0.50 | 450.00 | 225.00 |
| 6/3/2009 | JAG | Discussion with B. Quest regarding issues on disqualification motion (.1); and discussion with B. Quest regarding disqualification motion outline and forward cases from prior research (.2). | 0.30 | 450.00 | 135.00 |
| 6/3/2009 | BPQ | Discuss with J. Garofolo the drafting of opposition to motion for attorney disqualification. | 0.60 | 200.00 | 120.00 |
| 6/4/2009 | BPQ | Research and outline opposition motion to attorney disqualification motion. | 5.00 | 200.00 | 1,000.00 |

ERISA Law Partners, LLP                                                                                Page:  7

| Date | Init | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 6/5/2009 | JAG | Discussion with M. Romano regarding the filing of response to motion to disqualify (.1); review motion to amend Scheduling Order (.5); discussion with M. Romano regarding stipulation and motion for extension (1.0); and review deposition of S. Hughes (.4). | 2.00 | 450.00 | 900.00 |
| 6/5/2009 | BPQ | Research authority for opposition to motion for attorney disqualification. | 1.50 | 200.00 | 300.00 |
| 6/6/2009 | JAG | Review deposition of S. Hughes. | 1.40 | 450.00 | 630.00 |
| 6/7/2009 | JAG | Continue to review deposition of S. Hughes (5.1); and draft e-mail to M. Romano regarding experts K. Clawson and M. Johnson (including opinion on reasonableness of black out periods) as well as extension of time to respond to disqualification motion (.3). | 5.40 | 450.00 | 2,430.00 |
| 6/8/2009 | JAG | Review e-mails exchanged between M. Romano and S. Hauptfuehrer (.2); discussion with M. Romano (.2); review litigation regarding mapping of assets (.3); draft pages references in S. Hughes deposition for discussion with M. Johnson (1.1); discussion with M. Romano regarding S. Hughes deposition and items for call with M. Johnson (.2); and discussion with M. Romano and K. Clawson regarding loss calculation (.5). | 2.50 | 450.00 | 1,125.00 |
| 6/9/2009 | JAG | Discussion with M. Romano and M. Johnson regarding additional information to provide for expert report including deposition of S. Hughes (1.5); and review stipulation to extend briefing schedules and discovery dates and draft e-mail to M. Romano with comments (.7) | 2.20 | 450.00 | 990.00 |
| 6/10/2009 | JAG | Discussion with M. Romano regarding stipulations for continuance (.2); and discussion with M. Romano regarding revised stipulations for extension of time (.4). | 0.60 | 450.00 | 270.00 |
| 6/11/2009 | JAG | Discussion with M. Johnson and M. Romano regarding expert witness subject matters. | 1.50 | 450.00 | 675.00 |
| 6/11/2009 | BPQ | Research Fourth Circuit authority for settlor functions in preparation of drafting memo in opposition to defendants' motion for disqualification. | 2.10 | 200.00 | 420.00 |
| 6/15/2009 | BPQ | Review authority for Plaintiffs' opposition to Defendants' motion for attorney | 1.90 | 200.00 | 380.00 |

ERISA Law Partners, LLP                                                                                           Page:  8

|            |     |                                                                                                                                                                                                                                                                                                         |      |        |          |
|------------|-----|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|--------|----------|
|            |     | disqualification.                                                                                                                                                                                                                                                                                        |      |        |          |
| 6/17/2009  | JAG | Discussion with M. Romano regarding scheduling of experts.                                                                                                                                                                                                                                              | 0.20 | 450.00 | 90.00    |
| 6/18/2009  | JAG | Discussion with M. Romano regarding upcoming hearing (.2); and discussion with M. Romano and K. Clawson regarding expert report (.5).                                                                                                                                                                    | 0.70 | 450.00 | 315.00   |
| 6/19/2009  | JAG | Research damage calculation methodology in the Fourth Circuit and other circuits.                                                                                                                                                                                                                       | 1.00 | 450.00 | 450.00   |
| 6/22/2009  | JAG | Discussion with M. Romano regarding Defendants' response to motion for discovery and hearing with Judge Stamp (.2); and discussion with K. Clawson and M. Romano regarding the allegations of the Complaint (.6)                                                                                          | 0.80 | 450.00 | 360.00   |
| 6/23/2009  | JAG | Hearing with Judge Stamp regarding amendments to Scheduling Order                                                                                                                                                                                                                                        | 0.80 | 450.00 | 360.00   |
| 6/24/2009  | JAG | Discussion with M. Romano regarding deposition scheduling and expert discovery.                                                                                                                                                                                                                         | 0.20 | 450.00 | 90.00    |
| 6/25/2009  | JAG | Discussion with M. Johnson and M. Romano regarding expert opinions (1.8); and review transcript of deposition of J. Marks (.3).                                                                                                                                                                          | 2.10 | 450.00 | 945.00   |
| 6/28/2009  | JAG | Review documents produced by Plaintiffs for preparation of additional discovery.                                                                                                                                                                                                                        | 5.80 | 450.00 | 2,610.00 |
| 6/29/2009  | JFD | Discussion with J. Garofolo regarding disclosure of fees by Defendant HNB.                                                                                                                                                                                                                               | 0.20 | 475.00 | 95.00    |
| 6/29/2009  | JAG | Discussion with J. Doyle regarding disclosure of fees by Defendant HNB(.2); review documents produced by Plaintiffs for preparation of additional discovery (6.8); review DOL guidance relating to fiduciary selection of own proprietary mutual fund (.4); and review expert reports in other litigation of M. Johnson (.5). | 7.90 | 450.00 | 3,555.00 |
| 6/30/2009  | JFD | Review applicable case law and related authority regarding disclosure of fees.                                                                                                                                                                                                                          | 1.30 | 475.00 | 617.50   |
| 6/30/2009  | JAG | Discussion with M. Romano regarding additional documents to provide to experts and scope of expert opinions (2.1); discussion with M. Johnson regarding documents and scope of expert report (2.1); and discussion with M. Romano regarding additional information to provide to experts (1.0).          | 5.20 | 450.00 | 2,340.00 |
| 6/30/2009  | BPQ | Research West Virginia authority on                                                                                                                                                                                                                                                                     | 2.50 | 200.00 | 500.00   |

ERISA Law Partners, LLP

| | | | | | |
|---|---|---|---|---|---|
| | | attorney disqualification in preparation of opposition to motion for attorney disqualification. | | | |
| 7/1/2009 | JAG | Research caselaw in the Fourth Circuit regarding fiduciary status of corporate agents. | 0.30 | 450.00 | 135.00 |
| 7/1/2009 | BPQ | Research and draft introduction and background section to Plaintiffs' opposition to Defendants' motion for attorney disqualification. | 3.30 | 200.00 | 660.00 |
| 7/2/2009 | JAG | Review Defendants' second supplemental responses and documents produced therewith and draft e-mail to M. Romano regarding the same (.9); discuss Defendants' second supplemental responses and K. Clawson expert report with M. Romano (.9); and discuss and review cases regarding standing to file a motion to disqualify with B. Quest (.6). | 2.40 | 450.00 | 1,080.00 |
| 7/2/2009 | BPQ | Research and draft argument portion of Plaintiffs' opposition to Defendants' motion for attorney disqualification (8.6); and discussion with J. Garofolo regarding the same (.6). | 9.20 | 200.00 | 1,840.00 |
| 7/3/2009 | JFD | Discussion with J. Garofolo regarding review of documents provided by the Defendants. | 0.20 | 475.00 | 95.00 |
| 7/3/2009 | JAG | Review documents produced by Defendants referenced in Defendants' second supplemental response to Plaintiffs' second combined discovery requests (1.7); discussion with J. Doyle regarding the same (.2); discussion with M. Johnson and M. Romano regarding (.9); and discussion with M. Johnson regarding document provided (.4). | 3.20 | 450.00 | 1,440.00 |
| 7/3/2009 | BPQ | Continue to research and draft argument portion of Plaintiffs' opposition to Defendants' motion for attorney disqualification. | 4.70 | 200.00 | 940.00 |
| 7/4/2009 | JFD | Review pleadings (1.1); review prior Opinion and Order regarding summary judgement (.9); discussion with J. Garofolo regarding document review (.5); and review of documents provided by Defendants (1.1). | 3.60 | 475.00 | 1,710.00 |
| 7/4/2009 | JAG | Review documents produced by Defendants and discuss D463-671 to be reviewed by J. Doyle (1.0); continue to review documents produced by Defendants (4.6); and discussion with B. Quest regarding motion | 8.60 | 450.00 | 3,870.00 |

ERISA Law Partners, LLP                                                                    Page:  10

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  | for disqualification additional caselaw evidence and additional arguements (3.0). |  |  |  |
| 7/4/2009 | BPQ | Continue to research and draft argument portion of Plaintiffs' opposition to Defendants' motion for attorney disqualification (4.5); discuss with J. Garofolo regarding the same (3.0); review and revise argument portion of Plaintiffs' opposition (2.5). | 10.00 | 200.00 | 2,000.00 |
| 7/5/2009 | JFD | Continue document review (2.3); and discussion with J. Garofolo regarding document review (.4). | 2.70 | 475.00 | 1,282.50 |
| 7/5/2009 | JAG | Continue to review documents produced by Defendants and draft notes regarding the same (1.8); draft e-mail to M. Romano regarding redacted documents and expert disclosures (.5); discussion with M. Romano regarding motion for disqualification, motion to compel, and expert reports (.2); and discussion with J. Doyle regarding documents produced by Defendants (.4). | 2.90 | 450.00 | 1,305.00 |
| 7/6/2009 | JAG | Discussion with M. Romano regarding expert reports issues (2.1); discussion with M. Romano and K. Clawson regarding status of expert report (.4); and revise opposition to disqualification motion (6.9). | 9.40 | 450.00 | 4,230.00 |
| 7/6/2009 | BPQ | Review and revise statute of limitation argument section in Plaintiffs' opposition to Defendants' motion for attorney disqualification (1.1); and research waiver of disqualification motions due to delay for Plaintiffs' opposition to Defendants' motion for attorney disqualification (2.1). | 3.20 | 200.00 | 640.00 |
| 7/7/2009 | JFD | Review Plaintiffs' opposition to Defendants' motion to disqualify and discuss with J. Garofolo (.8). | 0.80 | 475.00 | 380.00 |
| 7/7/2009 | JAG | Discussion with M. Romano regarding M. Johnson expert report (.2).review and draft comments regarding Johnson report (1.2); discussion with M. Romano and M. Johnson regarding expert report (1.1); continue to draft response to disqualified motion (5.0); discussion with K. Clawson regarding loss calculation (1.7); discussion with J. Doyle regarding motion (.5); final review of Johnson expert report (.2); discussion with K. Clawson regarding expert report (.4); review Clawson expert report and discussion with M. Romano (.7); review motion to compel (2.1); and discussion with M. Romano and | 14.10 | 450.00 | 6,345.00 |

ERISA Law Partners, LLP                                                                          Page:  11

| Date | Atty | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| | | draft affidavit of technical difficulty (1.0). | | | |
| 7/7/2009 | BPQ | Review Defendants' response to Plaintiffs' motion to amend First Amended Complaint to assert ERISA class action claims in preparation to file response. | 1.50 | 200.00 | 300.00 |
| 7/8/2009 | JAG | Discussion with B. Quest regarding response to motion to amend (.3); discussion with B. Quest regarding final disqualification brief (.8); and review documents produced by Defendants to provide to J. Doyle for detailed review (.5). | 1.60 | 450.00 | 720.00 |
| 7/8/2009 | BPQ | Research and draft outline to reply to Defendant's response to Plaintiffs' motion to amend First Amended Complaint to assert ERISA class action claims and discussion with J. Garofolo regarding the same (2.9); and draft reply to Defendants' response to Plaintiffs' motion to amend First Amended Complaint to assert ERISA class action claims (1.0). | 3.90 | 200.00 | 780.00 |
| 7/9/2009 | JFD | Review expert reports (.8); and review documents provided by Defendants (1.5). | 2.30 | 475.00 | 1,092.50 |
| 7/9/2009 | BPQ | Research and draft facts to reply to Defendants' response to Plaintiffs' motion to amend First Amended Complaint to assert ERISA class action claims (3.9); and research and draft undue delay to reply to Defendants' response to Plaintiffs' motion to amend First Amended Complaint to assert ERISA class action claims (3.7). | 7.60 | 200.00 | 1,520.00 |
| 7/10/2009 | JAG | Review Defendants' opposition to Plaintiffs' motion for leave to amend First Amended complaint. | 0.40 | 450.00 | 180.00 |
| 7/10/2009 | BPQ | Continue to research and draft undue delay for reply to Defendants' response to Plaintiffs' motion to amend First Amended Complaint to assert ERISA class action claims (3.5); and research and draft improper motive for reply (2.9). | 6.40 | 200.00 | 1,280.00 |
| 7/11/2009 | JAG | Review Defendants' response to Plaintiffs' motion to amend First Amended Complaint and draft notes regarding the same (1.3); and review partial motion drafted by B. Quest (.2). | 1.50 | 450.00 | 675.00 |
| 7/12/2009 | JAG | Draft reply to Defendants' opposition to motion to amend. | 5.70 | 450.00 | 2,565.00 |
| 7/13/2009 | JAG | Continue to draft Plaintiffs' reply to Defendants' response to Plaintiffs' motion to | 12.30 | 450.00 | 5,535.00 |

ERISA Law Partners, LLP                                                                     Page:  12

|            |     |                                                                                                                                                                                                      |      |        |          |
|------------|-----|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|--------|----------|
|            |     | amend First Amended Complaint to assert ERISA class action claims (11.8); and discussions with M. Romano. regarding evidence for reply (.5).                                                          |      |        |          |
| 7/14/2009  | JFD | Discussion with J. Garofolo regarding indirect fees (.1); review documents produced by Defendants (.4); review and discuss Plaintiffs' reply to Defendants' response to Plaintiffs' motion to amend First Amended Complaint to assert ERISA class action claims (1.3). | 1.80 | 475.00 | 855.00   |
| 7/14/2009  | JAG | Continue to draft reply to Defendants' response to Plaintiffs' motion to amend First Amended Complaint to assert ERISA claims (5.6); discussion with M. Romano regarding reply (1.5); and discussion with J. Doyle regarding reply (.3); and discussion with M. Romano regarding reply (.5). | 7.90 | 450.00 | 3,555.00 |
| 7/15/2009  | JFD | Review Defendants' reply to Plaintiffs' respond to motion to disqualify.                                                                                                                              | 0.30 | 475.00 | 142.50   |
| 7/15/2009  | JAG | Review Defendants' reply to Plaintiffs' opposition to disqualification motion and discuss litigation strategy with M. Romano.                                                                         | 0.20 | 450.00 | 90.00    |
| 7/17/2009  | JAG | Discuss deposition scheduling and rebuttal expert with M. Romano (.7); and discuss potential service as a rebuttal expert with ▮▮ ▮▮▮▮ (.4).                                                           | 1.10 | 450.00 | 495.00   |
| 7/20/2009  | JAG | Discussion with M. Romano regarding deposition scheduling, rebuttal experts, and availability of A. Davis and R. Straight                                                                             | 0.60 | 450.00 | 270.00   |
| 7/20/2009  | BPQ | Review Plaintiffs' reply to Defendants' opposition to the motion to amend.                                                                                                                            | 0.60 | 200.00 | 120.00   |
| 7/21/2009  | BPQ | Discuss with J. Garofolo motion to strike Defendants' expert witnesses (.2); draft FOIA request regarding Department of Labor investigation into Huntington National Bank regarding prohibited transactions (.5). | 0.70 | 200.00 | 140.00   |
| 7/22/2009  | JAG | Discussion with J. Calcott and M. Romano (.6); and discussion with M. Romano regarding offer (.3).                                                                                                    | 0.90 | 450.00 | 405.00   |
| 7/22/2009  | BPQ | Continue to research, revise, and draft Freedom of Information Request regarding lawsuits against Defendant (2.7).                                                                                     | 2.70 | 200.00 | 540.00   |
| 7/24/2009  | JAG | Discussion with M. Romano regarding various outstanding motions (.2); and discussion with B. Quest regarding opposition to motion for expert discovery                                                | 0.90 | 450.00 | 405.00   |

ERISA Law Partners, LLP                                                                    Page:  13

| | | | | | |
|---|---|---|---|---|---|
| | | extension and FOIA request (.7) | | | |
| 7/24/2009 | BPQ | Research authority to respond to Defendants' motion for extension of time for expert witnesses (3.4); discussion with J. Garofolo regarding the same and FOIA request (.7); and continue to draft Freedom of Information Act request (.9). | 5.00 | 200.00 | 1,000.00 |
| 7/27/2009 | JAG | Review and revise response to Defendants' motion for extension of time to designate rebuttal experts and draft e-mail regarding the same. | 4.00 | 450.00 | 1,800.00 |
| 7/28/2009 | JAG | Discussion with M. Romano regarding draft settlement offer (2.5); and final review of opposition to Defendants' motion for extension for time to designate rebuttal expert (.7). | 3.20 | 450.00 | 1,440.00 |
| 7/29/2009 | JAG | Continue to draft settlement offer and review law relating to prejudgment interest and indemnification and contribution in the Fourth Circuit. | 6.20 | 450.00 | 2,790.00 |
| 7/30/2009 | JAG | Discussions with M. Romano regarding revisions to settlement offer and cases relating to indemnification and contribution (.7); and final review and revisions to settlement offer (1.6). | 2.30 | 450.00 | 1,035.00 |
| 7/30/2009 | BPQ | Continue to correspond with San Francisco and Miami Department of Labor regarding FOIA requests regarding The Huntington National Bank. | 0.50 | 200.00 | 100.00 |
| 8/3/2009 | JAG | Discussion with M. Romano regarding Fed. R. Civ. P. 30(b)(6) subject matters (.3); and discussion with M. Romano regarding arguments to cite relating to ERISA issues for motion to compel (.6). | 0.90 | 450.00 | 405.00 |
| 8/4/2009 | JAG | Discussion with M. Romano regarding expert disclosures (.5); and review expert reports of Defendants' "rebuttal" experts (.3). | 0.80 | 450.00 | 360.00 |
| 8/5/2009 | JAG | Review Plaintiffs' reply to Defendants' oppositions to motion to compel (1.5); and discussion with M. Romano regarding the same (1.9) | 3.40 | 450.00 | 1,530.00 |
| 8/6/2009 | JFD | Continue to review documents provided by Defendants. | 2.20 | 475.00 | 1,045.00 |
| 8/6/2009 | JAG | Review documents to draft Fed. R. Civ. P. 30(b)(6) subject matters for deposition of HNB (5.2); draft additional Fed. R. Civ. P. 30(b)(6) subject matters (2.4); and review | 8.80 | 450.00 | 3,960.00 |

| Date | Init. | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | and revise Fed. R. Civ. P. 30(b)(6) deposition notice (1.2). | | | |
| 8/7/2009 | JFD | Review J. Marks deposition. | 1.90 | 475.00 | 902.50 |
| 8/7/2009 | JAG | Discussion with M. Romano regarding Fed. R. Civ. P. 30(b)(6) notice (.5); and discussion with M. Romano regarding litigation strategy including motion to strike expert disclosures and for judgment on the pleading relating to Defendants' counterclaims (.5). | 1.00 | 450.00 | 450.00 |
| 8/9/2009 | JFD | Continue to review J. Marks deposition and discuss with J. Garofolo. | 1.90 | 475.00 | 902.50 |
| 8/10/2009 | JAG | Discussion with M. Romano regarding objection by J. Callcott regarding Fed. R. Civ. P. 30(b)(6) deposition. | 0.20 | 450.00 | 90.00 |
| 8/12/2009 | JAG | Discussion with M. Romano, J. Calcott, and S. Hauptfuehrer regarding Defendants' objection to Fed. R. Civ. P. 30(b)(6) deposition notice. | 2.10 | 450.00 | 945.00 |
| 8/13/2009 | BPQ | Discuss FOIA request with Catherine Suttora, Senior Program Analyst of the U.S. Department of Labor Employee Benefits Security Administration Office of Enforcement in D.C. to research a previous investigation of Defendant HNB by the Department of Labor. | 0.30 | 200.00 | 60.00 |
| 8/14/2009 | JAG | Review Fed. R. Civ. P. 30(b)(6) deposition notice meet and confer letter to S. Hauptfuehrer and J. Callcott (1.4); and discuss revisions to meet and confer letter regarding Fed. R. Civ. P. 30(b)(6) notice with M. Romano (.5). | 1.90 | 450.00 | 855.00 |
| 8/15/2009 | JFD | Research regarding advance disclosure of Rule 30(b)(6) deponent. | 1.10 | 475.00 | 522.50 |
| 8/15/2009 | JAG | Review case law relating to designation of Fed. R. Civ. P. 30(b)(6) witnesses for meet and confer relating to deposition notice. | 1.30 | 450.00 | 585.00 |
| 8/16/2009 | JFD | Review subpoenas of J. Rodgers and C. Petter (.3); and discussion with J. Garofolo (.2). | 0.50 | 475.00 | 237.50 |
| 8/16/2009 | JAG | Draft subpoena and e-mail to M. Romano regarding the content of subpoenas (1.1); discussion with J. Doyle regarding the subpoenas (.2); discussion with M. Romano regarding Fed. R. Civ. P. 30(b)(6) deposition (.7); and final review of authority regarding requirement to designate Fed. R. Civ. P. | 2.70 | 450.00 | 1,215.00 |

| | | 30(b)(6) representatives and draft e-mail to M. Romano regarding the same (.7). | | | |
| --- | --- | --- | --- | --- | --- |
| 8/17/2009 | JAG | Discussion with M. Romano regarding potential documents to be requested in subpoena duces tecum to Defendants' experts. | 0.20 | 450.00 | 90.00 |
| 8/18/2009 | JAG | Discussion with M. Romano regarding subpoena duces tecum. | 0.20 | 450.00 | 90.00 |
| 8/19/2009 | JAG | Discussion with M. Romano regarding expert discovery (1.0); and discussion with B. Quest regarding research to support discoverability of documents relating to other cases in which a disclosed expert has testified (.4); discussion with M. Romano and J. Calcott regarding service of subpoena and document production (.4); and discussion with B. Quest regarding results of research for expert discovery issues (.5). | 2.30 | 450.00 | 1,035.00 |
| 8/19/2009 | BPQ | Research authority regarding the scope of discovery requests for non-retained expert witnesses. | 5.40 | 200.00 | 1,080.00 |
| 8/20/2009 | JFD | Discussion with J. Garofolo regarding motion for judgment on the pleadings (.2); review Defendants' counterclaim (.1); review case law regarding claims for indemnification or contribution among fiduciaries (1.9). | 2.20 | 475.00 | 1,045.00 |
| 8/20/2009 | JAG | Discussion with M. Romano regarding deposition scheduling and subpoena regarding experts (.8); draft e-mail to opposing counsel regarding expert document requests, expert deposition scheduling, and Fed. R. Civ. P. 30(b)(6) objections (.2); and review deposition rules in Fourth Circuit regarding instructions not to answer when a protective order is pending and scope of expert discovery (1.0). | 2.00 | 450.00 | 900.00 |
| 8/21/2009 | JFD | Continue to review case law regarding claims for indemnification or contribution among fiduciaries. | 0.60 | 475.00 | 285.00 |
| 8/21/2009 | JAG | Discussion with M. Romano regarding subpoenas Defendants experts and letter to J. Callcott (.2); and review of letter to J. Callcott regarding expert depositions (.2). | 0.40 | 450.00 | 180.00 |
| 8/22/2009 | JFD | Review cases on contribution and indemnification under ERISA (.2); and discussion with J. Garofolo regarding motion for judgment on the pleadings (.2). | 0.40 | 475.00 | 190.00 |
| 8/22/2009 | JAG | Review documents and standard for Fed. R. | 0.60 | 450.00 | 270.00 |

ERISA Law Partners, LLP

| | | | | | |
|---|---|---|---|---|---|
| | | Civ. P. 12(c) motion (.4); and discussion with J. Doyle regarding 12(c) motion for judgment (.2). | | | |
| 8/24/2009 | JFD | Draft Plaintiffs' motion for judgment on the pleadings. | 1.90 | 475.00 | 902.50 |
| 8/24/2009 | JAG | Discussion with M. Romano and M. Johnson regarding Defendants' subpoena. | 0.30 | 450.00 | 135.00 |
| 8/24/2009 | BPQ | Review and discussion with J. Garofolo Freedom of Information Act disclosures regarding Defendants' violations of ERISA. | 0.60 | 200.00 | 120.00 |
| 8/25/2009 | JAG | Discussion with M. Romano regarding deposition strategy and document production by Plaintiffs and Defendants' experts (.9); discussion with K. Clawson regarding deposition availability (.2); discussion with J. Calcott and M. Romano regarding deposition scheduling and subpoena production (1.0). | 2.10 | 450.00 | 945.00 |
| 8/26/2009 | JAG | Review meet and confer letter (.4); and draft letter to M. Romano regarding the same (.1). | 0.50 | 450.00 | 225.00 |
| 8/28/2009 | JAG | Discussions with M. Romano regarding depositions (.4); discussion with M. Romano and K. Clawson regarding document production(.3); discussion with M. Romano and M. Johnson regarding document production (.2); discussion with J. Calcott regarding discovery issues (.3); discussion with M. Romano regarding travel arrangements (.1) | 1.30 | 450.00 | 585.00 |
| 8/28/2009 | BPQ | Draft supplemental FOIA request to obtain background facts to the DOL's investigation of HNB. | 1.50 | 200.00 | 300.00 |
| 8/29/2009 | JFD | Review materials regarding prohibited transactions and PTE 77-4. | 0.80 | 475.00 | 380.00 |
| 8/29/2009 | JAG | Travel to West Virginia for deposition of C. Petter. | 8.00 | 450.00 | 3,600.00 |
| 8/30/2009 | JAG | Deposition preparation with M. Romano for C. Petter | 15.20 | 450.00 | 6,840.00 |
| 8/31/2009 | JAG | Attend deposition of C. Petter. | 9.30 | 450.00 | 4,185.00 |
| 9/1/2009 | JAG | Travel from West Virginia to San Francisco. | 8.00 | 450.00 | 3,600.00 |
| 9/3/2009 | JAG | Discussion with M. Romano regarding depositions and outstanding motions. | 0.20 | 450.00 | 90.00 |
| 9/6/2009 | JAG | Review case law regarding exclusion of improper rebuttal experts | 1.90 | 450.00 | 855.00 |
| 9/7/2009 | JAG | Draft motion to strike based on prior | 5.70 | 450.00 | 2,565.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | opposition to Defendants' motion for extension of time (4.7); review Defendants' motion for summary Judgment (.8); and discussion with M. Romano regarding motion to strike (.2). | | | |
| 9/8/2009 | JAG | Discussion with M. Romano regarding Defendants' protective order and motion to compel (.3); review deposition subjects for motion to compel (.2); discussion with M. Romano regarding motion for judgment on the pleadings (.4); discussion with B. Quest regarding Defendants' motion for summary judgment (.2); draft portion of opposition to motion for protective order relating to relevancy of areas of inquiry 11, 29, and 36 (2.7); discussion with M. Romano regarding motion for protective order (.2); and review portion of Plaintiffs' opposition to motion to compel (2.4). | 6.40 | 450.00 | 2,880.00 |
| 9/8/2009 | BPQ | Research authority regarding private causes of action for permanent injunctive relief and discussion with J. Garofolo regarding the same. | 0.60 | 200.00 | 120.00 |
| 9/9/2009 | JFD | Instructions to S. Pastor regarding preparation of Plaintiffs' motion for judgment on the pleadings. | 0.30 | 475.00 | 142.50 |
| 9/9/2009 | JAG | Discussion with B. Quest regarding structure of response to Defendants' motion for summary judgment on fiduciary debarment remedy (.3); review procedural subpoena requirements and draft e-mail to M. Romano regarding the same (.2); and discussion with M. Romano regarding motion to compel (.1) | 0.60 | 450.00 | 270.00 |
| 9/9/2009 | BPQ | Research authority and draft outline for opposition to Defendants' motion for summary judgment regarding Plaintiffs' right to seek permanent injunctive relief and discussion with J. Garofolo regarding the same. | 3.10 | 200.00 | 620.00 |
| 9/10/2009 | JFD | Draft Plaintiffs' motion for judgment on the pleadings (1.4); discussion with J. Garofolo regarding motion for judgment on the pleadings (.6); and draft motion for judgment on the pleadings (1.9). | 3.90 | 475.00 | 1,852.50 |
| 9/10/2009 | JAG | Review responses to Plaintiffs' motion to compel responses to Plaintiffs' second combined discovery requests and Defendants' motions and responses relating | 10.60 | 450.00 | 4,770.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | to protective orders filed by Defendants relating to Fed. R. Civ. P. 30(b)(6) deposition of C. Petter and S. Hughes deposition, and draft notes in preparation for 9-11-09 hearing before Judge Kaull (6.3); review case law and draft motion to strike (1.6); discussion with J. Doyle regarding motion for judgment on the pleadings (.6); prepare for discovery hearing by reviewing relevant motions (.2); discussion with B. Quest regarding motion to strike Defendants' untimely motion for reconsideration styled as a summary judgment motion (.2); discussion with M. Romano regarding deposition and various motions to be filed, including motion to strike (.6); discussion with B. Quest regarding basis and grounds for a motion to strike Defendants' untimely motion for reconsideration (.6); and discussion with M. Romano regarding database download for document production (.5). | | | |
| 9/10/2009 | BPQ | Research authority and draft motion to strike Defendants' motion for summary judgment regarding Plaintiffs' right to seek permanent injunctive relief and discussion with J. Garofolo regarding the same. | 6.10 | 200.00 | 1,220.00 |
| 9/11/2009 | JAG | Hearing before Magistrate Judge Kaull regarding motion to compel responses to Plaintiffs' second combined discovery requests and protective orders filed by Defendants relating to Fed. R. Civ. P. 30(b)(6) deposition of C. Petter and S. Hughes deposition (2.0); discussion with B. Quest regarding response to Defendants' motion for summary judgment regarding debarment remedy (.4); and discussion with M. Romano regarding deposition schedules (.4) | 2.80 | 450.00 | 1,260.00 |
| 9/11/2009 | BPQ | Continue to research authority and draft response to Defendants' motion for summary judgment regarding Plaintiffs' right to seek permanent injunctive relief and discussion with J. Garofolo regarding the same. | 5.10 | 200.00 | 1,020.00 |
| 9/13/2009 | JAG | Discussion with M. Romano regarding deposition scheduling and motions in limine (.8); discussion with B. Quest regarding Article III standing arguments of Defendants for response to Defendants' Motion for Summary Judgment (.7); discussion with B. Quest regarding argument that Defendants' | 6.40 | 450.00 | 2,880.00 |

|  |  | motion is untimely for response to Defendants' motion for summary judgment (.2); draft outline for J. Rodgers deposition (2.8); review M. Johnson and J. Rodgers reports and draft notes for deposition regarding the same (1.1); discussion with M. Romano regarding DOL guidance on mutual fund fees (.3); and research DOL authority on mutual funds revenue sharing (.5). |  |  |  |
|---|---|---|---|---|---|
| 9/13/2009 | BPQ | Continue to research authority regarding procedural issues, draft response to Defendants' motion for summary judgment regarding Plaintiffs' right to seek permanent injunctive relief, and discussion with J. Garofolo regarding the same. | 7.10 | 200.00 | 1,420.00 |
| 9/14/2009 | JFD | Continue to draft Plaintiffs' motion for judgment on the pleadings and discussion with J. Garofolo regarding the same. | 6.80 | 475.00 | 3,230.00 |
| 9/14/2009 | JAG | Discussions with M. Romano and J. Callcott (.7); review Order regarding Hughes deposition (.2); review Petter deposition transcript (.4); discuss motion for judgment on the pleadings with J. Doyle (.2); review Conversion Manual, Petter deposition, and other documents produced by Defendants (2.8); discussion with B. Quest regarding response to summary judgment motion (.5); and review documents produced by J. Rodgers (1.5). | 6.30 | 450.00 | 2,835.00 |
| 9/14/2009 | BPQ | Continue to research authority regarding standing, draft response to Defendants' motion for summary judgment regarding Plaintiffs' right to seek permanent injunctive relief and discussion with J. Garofolo regarding the same. | 8.20 | 200.00 | 1,640.00 |
| 9/15/2009 | JAG | Travel to W. Virginia for J. Rodgers deposition (8.0); discussion with B. Quest regarding opposition to summary judgment motion (.2); and discussion with M. Romano regarding S. Hughes deposition and J. Rodgers deposition (.6) | 8.80 | 450.00 | 3,960.00 |
| 9/15/2009 | BPQ | Continue to research authority regarding standing and draft response to Defendants' motion for summary judgment regarding plaintiffs' right to seek permanent injunctive relief. | 9.80 | 200.00 | 1,960.00 |
| 9/16/2009 | JAG | Prepare for J. Rodgers deposition (4.9); lunch meetings with M. Romano regarding depositions (1.0); review Plaintiffs' response | 9.70 | 450.00 | 4,365.00 |

ERISA Law Partners, LLP                                                                                Page:  20

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  | to Defendants' motion to quash Plaintiffs' subpoena to C. Petter (1.0); travel to deposit on in Pittsburgh (2.0); and continue to review documents in preparation for deposition of J. Rodgers (.8) |  |  |  |
| 9/16/2009 | BPQ | Continue to draft and revise response to Defendants' motion for summary judgment regarding Plaintiffs' right to seek permanent injunctive relief. | 5.80 | 200.00 | 1,160.00 |
| 9/17/2009 | JFD | Review case law regarding contribution in ERISA actions (1.7); and continue to draft Plaintiffs' motion for judgment on the pleadings (1.1). | 2.80 | 475.00 | 1,330.00 |
| 9/17/2009 | JAG | Depose J. Rodgers (9.5); and discussion and dinner with M. Romano regarding deposition (2.5). | 12.00 | 450.00 | 5,400.00 |
| 9/17/2009 | BPQ | Continue to revise and edit response to Defendants' motion to reconsider. | 1.10 | 200.00 | 220.00 |
| 9/18/2009 | JFD | Continue to prepare Plaintiffs' motion for judgment on the pleadings and discussion with J. Garofolo regarding the same. | 2.50 | 475.00 | 1,187.50 |
| 9/18/2009 | JAG | Discussion with M. Romano regarding deposition preperation and additional issues (.3); and discussion with J. Doyle regarding motion for judgment on the pleadings and other litigation issues (.2). | 0.50 | 450.00 | 225.00 |
| 9/18/2009 | BPQ | Discuss FOIA strategy with ███████, and incorporate suggestions in the Freedom of Information Request. | 2.10 | 200.00 | 420.00 |
| 9/19/2009 | JAG | Travel from West Virginia to San Francisco. | 8.00 | 450.00 | 3,600.00 |
| 9/19/2009 | BPQ | Discussion with J. Garofolo regarding documents produced in litigation. | 0.20 | 200.00 | 40.00 |
| 9/20/2009 | JAG | Review and revise response to Defendants' motion for reconsideration (3.9); discussion with B. Quest regarding the same (.5); and review Straight deposition possible subjects and draft e-mail to M. Romano regarding the same (.6). | 5.00 | 450.00 | 2,250.00 |
| 9/20/2009 | BPQ | Discuss Plaintiffs' response to motion for reconsideration with J. Garofolo. | 0.50 | 200.00 | 100.00 |
| 9/21/2009 | JAG | Discussion with M. Romano regarding opposition to summary judgment (.2); discussion with B. Quest regarding revisions to opposition to summary judgment motion (.6); revise response to motion for summary judgment (8.0); and review offer of judgment and attorneys fees and Fourth Circuit fee | 9.20 | 450.00 | 4,140.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | awards under ERISA section 502(g), and Plaintiffs' loss calculations (.4). | | | |
| 9/21/2009 | BPQ | Research, review, and draft response to Defendants' motion for reconsideration and discussion with J. Garofolo regarding the same. | 13.60 | 200.00 | 2,720.00 |
| 9/22/2009 | JAG | Continue to draft Plaintiffs' reply to Defendants' motion for summary judgment (8.4) [Discretionary Reduction]; discussion with M. Romano regarding fee application (.6); discussion with M. Romano and clients regarding settlement and fee application (.3); continue discussion with M. Romano regarding motion for fees (.4); research grant of attorney fees when Rule 68 offer is made (.8); and review prior fee applications (.3). | 10.80 | 450.00 | 4,860.00 |
| 9/22/2009 | BPQ | Continue to research Department of Labor amicus curiae in support of response to Defendants' motion for reconsideration (1.6); and review and revise final response to Defendants' motion for reconsideration (.8). | 2.40 | 200.00 | 480.00 |
| 9/23/2009 | JFD | Discuss fee application with J. Garofolo. | 0.20 | 475.00 | 95.00 |
| 9/23/2009 | JAG | Discussion with J. Doyle regarding fee application. | 0.20 | 450.00 | 90.00 |
| 9/24/2009 | JAG | Discussion with M. Romano regarding petition for fees and case law relating to the same (.8); and draft e-mail to M. Romano regarding attorneys rates for fee petition (.2). | 1.00 | 450.00 | 450.00 |
| 9/25/2009 | JAG | Discussion with M. Romano regarding offer of judgment as it relates to the fee application. | 0.20 | 450.00 | 90.00 |
| 9/28/2009 | JAG | Discussion with M. Romano regarding Defendants' opposition to Plaintiffs' fee application. | 0.30 | 450.00 | 135.00 |
| 10/13/2009 | JAG | Discussion with M. Romano regarding Plaintiffs' fee application. | 0.60 | 450.00 | 270.00 |
| 10/14/2009 | JAG | Discussion with M. Romano regarding fee application and call to J. Calcott and Court clerk. | 0.40 | 450.00 | 180.00 |
| 10/15/2009 | JAG | Discussion with M. Romano regarding fee application. | 0.20 | 450.00 | 90.00 |
| 10/19/2009 | JAG | Discussion with M. Romano regarding fee petition schedule (.3); and discussion with M. Romano and J. Calcott regarding fee petition stipulation and draft revision to the same (.2). | 0.50 | 450.00 | 225.00 |

ERISA Law Partners, LLP                                                                                    Page:  22

| | | | | | |
|---|---|---|---|---|---|
| 10/29/2009 | JAG | Review Defendants' motion to reopen the case and for leave to deposit funds with Court (.2); discussion with M. Romano regarding the same (.3); and research caselaw relating to attempts to raise conflicts prior to settlement (.9) | 1.40 | 450.00 | 630.00 |
| 10/30/2009 | JAG | Review Plaintiffs' opposition to Defendants' motion to implead funds (.5); and discussion with M. Romano regarding Plaintiffs' opposition to Defendants' motion to implead funds (.3). | 0.80 | 450.00 | 360.00 |
| 11/1/2009 | JAG | Draft and revise Plaintiffs' response to Defendants' motion to reopen the case. | 3.30 | 450.00 | 1,485.00 |
| 11/2/2009 | JAG | Review response to the Defendants' motion to reopen the case and deposit funds. | 3.20 | 450.00 | 1,440.00 |
| 11/11/2009 | JAG | Discussion with M. Romano regarding fee application. | 1.00 | 450.00 | 450.00 |
| 11/14/2009 | BPQ | Research attorney fees authority in Fourth Circuit. | 4.60 | 200.00 | 920.00 |
| 11/15/2009 | JAG | Research Fourth Circuit authority regarding fee application | 0.50 | 450.00 | 225.00 |
| 11/15/2009 | BPQ | Continue to research attorneys' fee authority in Fourth Circuit. | 5.80 | 200.00 | 1,160.00 |
| 11/16/2009 | JAG | Discussion with M. Romano regarding fee application (.3); review affidavits in support of M. Romano fee award for motion for fees and costs (.1). | 0.40 | 450.00 | 180.00 |
| 11/17/2009 | JFD | Preparation of fee affidavit. | 0.90 | 475.00 | 427.50 |
| 11/17/2009 | JAG | Review ERISA section 502(g) fee authority (.5); and discussion with M. Romano regarding fee motion (.3). | 0.80 | 450.00 | 360.00 |
| 11/17/2009 | BPQ | Research whether settlement payments can be rolled over into qualified tax exempt retirement accounts when they are restorative payments. | 1.20 | 200.00 | 240.00 |
| 11/18/2009 | JAG | Review declaration of Edward F. Broderick in support of fee petition. | 0.20 | 450.00 | 90.00 |
| 11/19/2009 | JFD | Prepare fee declaration and discussion with J. Garofolo. | 2.10 | 475.00 | 997.50 |
| 11/19/2009 | JAG | Discussions with M. Romano regarding background of fee application (.5); draft brief in support of fee motion (3.2); research case law in Fourth Circuit relating to factors meriting award and review evidence supporting factors (2.0); and review and revise background of petition (2.7). | 8.40 | 450.00 | 3,780.00 |

ERISA Law Partners, LLP

Page:  23

| Date | Init | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 11/19/2009 | BPQ | Review and revise declaration for attorneys' fees. | 0.40 | 200.00 | 80.00 |
| 11/20/2009 | JFD | Prepare fee declaration and discuss with J. Garofolo. | 0.20 | 475.00 | 95.00 |
| 11/20/2009 | JAG | Continue to draft memorandum in support of motion for fees (6.5); and research case law in Fourth Circuit relating to fee awards (2.0); review time entries for privilege or work product (1.5); review M. Romano declaration (.2); review J. Creitz declaration (.2); draft declaration of J. Garofolo in support of petition for fees (.6); and review declarations of J. Doyle and B. Quest to be submitted with fee petition (.5). | 11.50 | 450.00 | 5,175.00 |

Sub-total Fees:  253,835.00

Discretionary Discount  -3,780.00

### Rate  Summary

| | Hours | | Rate | Amount |
|---|---|---|---|---|
| Jon F Doyle | 48.20 | hours at $ | 475.00/hr | 22,895.00 |
| Joseph Garofolo | 427.60 | hours at $ | 450.00/hr | 192,420.00 |
| Benjamin Quest | 192.60 | hours at $ | 200.00/hr | 38,520.00 |
| Total hours: | 668.40 | | | |

Total Current Billing:  250,055.00

Previous Balance Due:  0.00

Total Payments:  0.00

**Total Now Due:**  **250,055.00**

ERISA LAW PARTNERS, LLP
22 Battery Street, Suite 1000
San Francisco, CA 94111

## Cost and Disbursements

**In reference to:**  *Marks Construction Company, et al., v. Huntington Bank, et al.*
for the period January 1, 2009 to November 20, 2009.

| Date | Cost and Disbursements | Amount |
|---|---|---|
| 8/22/09 | Airfare SFO-PIT-SFO cancellation penalty for Joseph Garofolo in connection with cancelled deposition of C. Petter on 8/29-9/3. | $ 150.00 |
| 8/28/09 | Airfare SFO-PIT-SFO for J. Garofolo in order to attend deposition of C. Petter | 311.40 |
| 8/29/09 | Transportation to SFO | 35.00 |
| 8/29/09 | US Airways Fee re Seat Assignment | 15.00 |
| 8/29/09 | US Airways Baggage Check-In Fee | 20.00 |
| 8/30/09 | Travel Expense – Meals | 21.12 |
| 9/1/09 | Budget-Rent-A-Car for J. Garofolo in connection with deposition of C. Petter | 182.46 |
| 9/1/09 | Lodging for J. Garofolo from 8/29 to 9/1 in connection with deposition of C. Petter | 318.15 |
| 9/1/09 | Travel Expense – Meals | 5.06 |
| 9/1/09 | Travel Expense – Fuel | 22.00 |
| 9/1/09 | US Airways Baggage Check-In Fee | 20.00 |
| 9/11/09 | Airfare SFO-PIT-SFO for Joseph Garofolo in order to attend deposition of J. Rodgers | 561.40 |
| 9/15/09 | Transportation to SFO | 38.00 |
| 9/16/09 | Northwestern Baggage Check-In Fee | 20.00 |
| 9/16/09 | Northwestern Fee re Seat Assignment | 25.00 |
| 9/16/09 | Lodging for J. Garofolo from 9/15 to 9/16 in connection with deposition of J. Rodgers | 99.80 |
| 9/16/09 | Travel Expense – Meals | 30.08 |
| 9/18/09 | Travel Expense – Meals | 36.90 |
| 9/19/09 | Lodging for J. Garofolo from 9/16 to 9/19 in connection with deposition of J. Rodgers | 406.98 |

**Exhibit E to Declaration of J. Garofolo**

ERISA LAW PARTNERS, LLP
Page 2

| | | |
|---|---|---:|
| 9/19/09 | Thrifty-Rent-A-Car for J. Garofolo in connection with deposition of J. Rodgers | 316.68 |
| 9/19/09 | Travel Expense – Meals | 9.64 |
| 9/19/09 | Travel Expense – Fuel | 20.00 |
| 9/19/09 | United Baggage Check-In Fee | 20.00 |
| 9/19/09 | United Fee re Seat Assignment | 38.00 |

**Total Costs and Disbursements January 1, 2009 to November 20, 2009**     **$ 2,722.67**