IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARKS CONSTRUCTION CO., INC.,
a West Virginia corporation
on behalf of
Marks Construction Co., Inc.
401(k) Profit Sharing Plan and
JAMES MARKS, KAREN MARKS,
ANGELA DAVIS and RICHARD STRAIGHT,
all individual participants
thereunder,

      Plaintiffs,

v.                                            Civil Action No. 1:05CV73
                                                    (STAMP)

THE HUNTINGTON NATIONAL BANK
and SHARON HUGHES,

      Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION
FOR LEAVE TO FILE SURREPLY;
GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO REOPEN AND FOR
LEAVE TO DEPOSIT FUNDS WITH COURT;
DIRECTING DEFENDANTS TO PAY SETTLEMENT;
DENYING PLAINTIFFS' REQUEST FOR "ROLLOVER PAYMENT";
AND DIRECTING CLERK TO FILE SURREPLY**

I. Background

The defendants in the above-styled civil action removed this action to this Court on April 27, 2005. On October 1, 2009, the parties agreed to a settlement and this Court entered an order of dismissal on October 2, 2009. The defendants filed this motion on October 14, 2009, asking this Court to reopen the civil action and for leave to deposit with this Court the proceeds of the Federal

Rule of Civil Procedure ("Rule") 68 offer of judgment and acceptance.

The defendants agreed to have judgment entered against them in the amount of $150,000.00, exclusive of attorneys' fees and costs. The plaintiffs' motion for attorneys' fees and costs is pending before this Court. The defendants state that it is necessary to deposit the $150,000.00 settlement with this Court because of an alleged conflict of interest among the plaintiffs.

The plaintiffs responded to this motion, stating that they have no objection to this Court reopening this civil action. The plaintiffs believe that the defendants have no standing to challenge the basis of allocation of recovery among the plaintiffs. They request that this Court approve, as alternative relief, the plaintiffs' proposed distribution of proceeds to be paid by the defendants pursuant to their offer of judgment. The plaintiffs contend that this motion is an attempt to delay and frustrate the recovery of the plaintiffs' losses. The plaintiffs finally request that the payment be in the form of a rollover distribution.

The defendants filed a reply, in which they state they have no interest in being involved in the determination of the appropriate allocation of the Rule 68 proceeds among the plaintiffs. They further state that if this Court were to conclude that one of the distribution allocations outlined in the plaintiffs' brief is fair and equitable to the plaintiffs, the defendants will make the

2

distribution. The defendants state that they cannot make any payments in the form of a rollover distribution, as a rollover distribution is a distribution from a tax qualified trust to another such trust or to a plan participant, who must roll the payment into another qualified trust within a limited period of time to avoid inclusion of the distribution in income for tax purposes. I.R.C. § 402(c)(4).

The plaintiffs filed a motion for leave to file a surreply to the defendants' motion to reopen. The plaintiffs believe that the defendants rely on an erroneous legal contention. Specifically, the plaintiffs disagree with the defendants' belief that restorative losses recovered in litigation because of fiduciary breaches that occurred in connection with a now-terminated qualified trust may not be disbursed to participants in the form of a rollover distribution. The defendants filed a response, stating that they discussed rollover distributions for the first time in their reply because the plaintiffs discussed it for the first time in their response. The plaintiffs filed a reply.

## II. Discussion

As an initial matter, for good cause shown, the plaintiffs' motion for leave to file a surreply is hereby granted. Accordingly, this Court will consider any issues addressed by the plaintiffs in their surreply and the defendants in their response

to the surreply in analyzing and reaching its ultimate holding stated below.

This Court grants the defendants' motion to the extent it reopens the case for purposes of considering the motion for leave to deposit funds.[1] This Court denies the defendants' motion for leave to deposit funds with this Court as unnecessary. This Court resolved the conflict of interest issue raised by the defendants in a motion to disqualify the plaintiffs' counsel by memorandum opinion and order entered prior to this opinion and order (Doc. 232), finding that a conflict did not exist among the plaintiffs, and even if a conflict existed, the defendants could not challenge the conflict because their motion was not timely filed and the plaintiffs properly waived any alleged conflict. Accordingly, the defendants are directed to pay the settlement to the plaintiffs or to the plaintiffs' counsel for the benefit of the plaintiffs. The allocation of the settlement shall be as agreed to by the plaintiffs and there appears to be no dispute as to an allocation at this time. The plaintiffs request for a "rollover payment" is denied as the parties did not negotiate this term in their Rule 68 offer and acceptance of judgment and it would be improper for this Court to modify the offer of judgment or the plaintiffs' acceptance

---

[1]This Court recognizes that a motion by the plaintiffs for attorneys' fees and costs and a motion by the defendants to quash a subpoena duces tecum in connection with the fee motion are pending.

thereto.  This Court will decide the attorneys' fees and costs motion and the motion to quash subpoena duces tecum by separate memorandum opinions and orders.

### III. Conclusion

For the reasons stated above, the plaintiffs' motion to file a surreply is GRANTED.  The defendants' motion to reopen and for leave to deposit funds with court is GRANTED IN PART and DENIED IN PART.  The defendants are DIRECTED to pay the settlement.  The plaintiffs' request for a "rollover payment" is DENIED.  The Clerk is DIRECTED to file the surreply.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    April 2, 2010


                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE