IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARKS CONSTRUCTION CO., INC., et al.,

        Plaintiffs,

*vs*.                                              **CIVIL ACTION NO 1:05CV73**
                                              **The Honorable Frederick P. Stamp, Jr.**

THE HUNTINGTON NATIONAL BANK, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

On January 8, 2010 Defendants filed their Motion To Quash subpoena Duces Tecum Regarding Records Of Steptoe & Johnson, PLLC [DE 225] (hereinafter called "Motion To Quash") with exhibit. January 11, 2010  Steptoe & Johnson, PLLC[1] filed its Notice Of Joinder Regarding Motion To Quash Subpoena Duces Tecum Regarding Records of Steptoe & Johnson, PLLC [DE 226].  On January 13, 2010, Plaintiffs filed their Response To Defendants' Motion To quash Subpoena Duces Tecum Regarding Billing Records Of Steptoe & Johnson, PLLC. [DE 227] (hereinafter called "Response") with exhibit [Docket Entry 202]**.**  Defendants filed their Reply Brief In Support Of Motion To Quash Regarding Records Of Steptoe & Johnson, PLLC [DE 231] (hereinafter called "Reply") on January 25, 2010.  Pretrial non-dispositive discovery motions were referred to the undersigned United States Magistrate Judge by United States District Judge Frederick P. Stamp, Jr., by Order dated July 10, 2009 [DE 153].

### I.  Background

Plaintiffs' underlying ERISA claims were settled by Plaintiff's acceptance of Defendants

---

[1]

Defendants and Steptoe & Johnson, PLLC will hereinafter be referred to collectively as "Defendants."

Rule 68 offer of judgment. At the time of the filing of the instant motion, all that remained for decision was the issue of whether Plaintiff could recover attorneys fees and costs from Defendants and, if so, how much.

On December 29, 2009 Plaintiff served the Records Custodian-Steptoe & Johnson, PLLC with a Subpoena to produce its billing and fee information records (hereinafter called "billing records") for its representation of Huntington National Bank, et al in the subject ERISA action. Plaintiffs contend production is appropriate because: 1) Defendants' challenged Plaintiffs' right to reimbursement and the amount of such reimbursement for attorneys fees and costs by drawing a comparison to the amount of money Defendant's paid to defend the action; 2) precedent cited in Defendants' memorandum is factually different and not determinative of the issue; 3) Plaintiffs did not waive the right to conduct discovery on the attorneys fees and costs issue; 4) Defendants waived the attorney client privilege by placing the comparison amount of their fees in issue; and 5) privileged information, if any, could be redacted. Defendants objected to producing the billing records of Steptoe & Johnson on several grounds: 1) the billing records are irrelevant to the attorneys fees and costs issues; 2) a request for fees should not result in a second major litigation; 3) Plaintiffs waived the right to discovery with respect to the issue of fees and costs; and 4) the records sought by subpoena duces tecum are protected from disclosure by the work product doctrine and the attorney client privilege.

The matter is not complex and therefor did not require a hearing. The motion is non-dispositive of the case or the remaining issues in the case.

## II. Discussion

29 U.S.C. §1132(g)(1) provides: "the court in its discretion may allow a reasonable attorney's

fee and costs of action to either party...."

The Fourth Circuit Court of Appeals adopted the following five factor test to guide district court's exercise of discretion in awarding attorneys' fees under ERISA:

1) degree of opposing parties' culpability or bad faith;
2) ability of opposing parties to satisfy an award of attorneys' fees;
3) whether an ward of attorneys' fees against the opposing parties would deter other personas acting under similar circumstances;
4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERIS plan or to resolve a significant legal question regarding ERISA itself; and
5) the relative merits of the parties' positions. Quesinberry v. Life Ins. Co. of North America, 987 F.2d 1017, 1029 (4th Cir. 1993), citing Reinking v. Philadelphia American Life Insurace Co., 910 F.2d 1210, 1217-18 (4th Cir. 1990).

The test is not rigid in application. It does provide general guidelines for the district court in determining whether to grant a request for attorneys' fees. *Id.* "No one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address in applying section 502(g)(1132(g))." *Id.* citing Iron Workers local #272 v. Bowen, 624 F.2d 1255, 1266 (5th Cir. 1980).

The undersigned reviewed a number of cases arising outside and within the courts of the Fourth Circuit and found no case where the Court undertook discovery of the losing party's fees as part of its determination whether to award the successful party attorneys fees and if so how much. American Medical Sec., Inc. v. Larsen, 31 F.Supp.2d 502 (D.Md. 1998); Summer v. Carelink Health Plans, Inc., 461 F.Supp.2d 482 (S.D.W.Va. 2006); United Food and Commercial Workers Local 204 v. Harris-Teeter Super Markets, Inc., 716 F.Supp. 1561 (W.D.N.C. 1989); Teamsters Joint Council No. 83 of VA Pension Fund v. Empire Beef Co., Inc., 2009 W. 2872498 (E.D.Va. 2009); Allison v. Continental Cas. Ins. Col, 953 F.Supp. 127 (E.D.Va. 1996); Smith v. Continental Cas Co., 289

F. Supp.2d 706 (D. Md 2003); Sprenkle v. Hartford Life Ins. Co., 84 F. Supp.2d 751 (N.D.W.Va. 2000); Clark v. Metropolitan Life Ins. Co., 384 F.Supp.2d 894 (E.D.Va. 2005); O'Bryhim v. Reliance Standard Life Ins. Co., 997 F.Supp. 728 (E.D.Va. 1998); Reighard v. Limbach Col, Inc., 158 F. Supp.2d 730 (E.D.Va. 2001); Christian v. Dupont-Waynesboro Health Care Coverage Plan, 12 F.Supp.2d 535 (W.D.Va. 1998); Cox v. Reliance Standard Life Ins. Co., 179 F.Supp.2d 630 (E.D.Va. 2001); and  Cook v. Jones & Jordan Engineering, Inc., 2009 WL 3169152 (S.D.W.Va. 2009).  Moreover, Marks does not cite the Court to any cases which call for discovery of what the loser paid its attorney as an element of process of determining how much attorneys fees should be awarded to the winning party.

The Court's review revealed a long standing and yet unresolved split of authority on the question of whether the fees, hours and costs incurred by one party are relevant to determining the fees, hours and costs for which the other party should be compensated. Among the cases finding such information relevant are:

Henson v. Columbus Bank & Trust Co., 770 F.2d 1566, 1571-72 (11 th Cir.1985)(trial court abused its discretion by refusing discovery of hours spent preparing a defense where litigation continued for ten years and the judge expressed doubt as to the reasonableness of the hours claimed in plaintiff's petition for fees); Chicago Professional Sports v. National Basketball Assoc., 1996 U.S. District LEXIS 1525, 1526, (N.D.Ill.1996)(defendant's fees may provide the best available comparable standard to measure the reasonableness of plaintiffs' expenditures in litigating the issues of the case); Murray v. Stuckey's, Inc., 153 F.R.D. 151, 153 (N.D.Iowa 1993)(hours devoted to the case and hourly rates relevant to extent they reflect the prevailing market rates); Coalition to Save Our Children v. State Board of Education of Delaware, 143 F.R.D. 61 (D.Del.1992)(time records, billing

rates and out of pocket expenses apparently found relevant as production of same ordered); Real v. Continental Group, Inc., 116 F.R.D. 211, 213 (N.D.Cal.1986)(hourly rates and total billings and costs are at least minimally relevant); Blowers v. Lawyers Cooperative Publ'g, Inc., 526 F.Supp. 1324, 1327 (W.D.N.Y.1981)(amount of time spent by defendants' attorneys on a particular matter may have significant bearing on whether plaintiff's counsel expended a reasonable time on the same matter; amount of costs and disbursements incurred by defendants also has some bearing on the reasonableness of plaintiff's own costs and disbursement); Naismith v. Professional Golfers Assoc., 85 F.R.D. 552, 563 (N.D.Ga., 1979)(hours are at least minimally relevant); Stastny v. Southern Bell Telephone and Telegraph Co., 77 F.R.D. 662, 663 (W.D .N.C.1978)("In contest over what time was reasonably and necessarily spent in the preparation of a case, it is obvious that the time that the opposition found necessary to prepare its case would be probative."). Some of the cases reaching or suggesting the opposite conclusion are: Ackerley Communications of Massachusetts, Inc. v. City of Somerville, 901 F.2d 170, 172 (1 st Cir.1990)(comparisons between the number of hours spent by the attorneys for the different parties may tell little about the quality of the work involved); Hernandez v. George, 793 F.2d 264, 268 (10 th Cir.1986) (fees and hours of defendants' counsel not relevant because defendants' counsel were required to spend unnecessary time and effort due to lack of diligent prosecution on the part of plaintiffs' counsel in the early stages of the case.); Martinez v. Schock Transfer and Warehouse Co., 789 F.2d 848, 849 (10 th Cir.1986)(district court's determination foreclosing discovery was appropriate in the circumstances of this case-discovery would not be of assistance in resolving the issue of attorneys' fees); Johnson v. University College of University of Alabama, 706 F.2d 1205, 1208 (11 th Cir.1983)(opposing counsel's fees and expenses may be irrelevant because one side may employ more experienced counsel who bills at a

higher rate); Mirabel v. General Motors Acceptance Corp., 576 F.2d 729, 730 (7 th Cir.1978)(amount of fees which one side is paid by its client is a matter involving various motivations in an on-going attorney-client relationship and may, therefore, have little relevance to the value which petitioner has provided to his client in a given case); Malchman v. Davis, 588 F.Supp. 1047, 1060 (S.D.N.Y.1984)(no need to permit discovery where large record exists which is ample to permit decision on relevant issues). The Supreme Court has cautioned that "[a] request for attorney's fees should not result in a second major litigation. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Similarly, the Court of Appeals for the First Circuit has noted that "unlimited adversary discovery is not a necessary--or even a usual-- concomitant of fee disputes, see National Ass'n of Concerned Veterans, 675 F.2d at 1329 (noting that in general, fee contests should not involve 'the type of searching discovery that is typical where issues on the merits are presented')...." Dupont Plaza Hotel Fire Litigation, 56 F.3d 295, 303 (1 st Cir.1995). The decision whether to allow discovery of information regarding fees and expenses of opposing counsel is generally considered to be within the discretion of the trial court. Cf. Dupont Plaza Hotel Fire Litigation, 56 F.3d at 302 (court acted well within its discretion in refusing to allow more elaborate discovery); Ohio-Sealey Mattress Mfg Co. v. Sealy, Inc., 776 F.2d 646, 659 (7 th Cir.1985)(no abuse of discretion in denying plaintiff's motion to compel discovery of hours worked by defendant's attorney); In re Fine Paper Anti-trust Litigation, 751 F.2d 562, 587 (3 rd Cir.1984)(no abuse of discretion by district court in denying plaintiff's motion for in camera production of fees paid by defendants); Johnson, 706 F.2d at 1208 (district court did not abuse its discretion in quashing subpoena for defendant's records reflecting total hours of counsel, expenses incurred and fees paid); Smith v. Ford Motor Co., 626 F.2d 784, 794 (10 th Cir.1980)(control of discovery entrusted to the sound discretion of the trial court). Cohen v.

Brown University, 1999 WL 695235 (unreported D.R.I. 1999).

In the Cook v. Jones & Jordan Engineering, Inc., *supra,* District Judge Johnston applied the

twelve Barber factors in determining the amount of attorneys fees to be awarded:

> Once a court determines that attorneys' fees will be awarded, it must then determine the amount to be awarded. To do this, the Court calculates a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate while applying factors adopted in
> *Barber v. Kimbrell's, Inc.,* 577 F.2d 216 (4th Cir.1978). *United States ex rel. Vuyyuru v. Jadhav,* 555 F.3d 337, 356 (4th Cir.2009); *Grissom v. Mills Corp.,* 549 F.3d 313, 320 (4th Cir.2008); *Barber* at F.2d 226 (4th Cir.1978) (adopting test set forth in *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir.1974)). The following twelve *Barber* factors are used to determine a reasonable attorneys' fee award:

> (1) the time and labor expended;

> (2) the novelty and difficulty of the questions raised;

> (3) the skill required to properly perform the legal services rendered;

> (4) the attorney's opportunity costs in pressing the instant litigation;

> (5) the customary fee for like work;

> (6) the attorney's expectations at the outset of the litigation;

> (7) the time limitations imposed by the client or circumstances;

> (8) the amount in controversy and the results obtained;

> (9) the experience, reputation and ability of the attorney;

> (10) the undesirability of the case within the legal community in which the suit arose;

> (11) the nature and length of the professional relationship between attorney and client; and

> (12) attorneys' fees awards in similar cases.
> Barber, 577 F.2d at 226.

None of the Barber factors call for the Court to conduct a comparison analysis of the fees

charged by the losing party in order to determine whether the fees claimed by the winning party are

appropriate.

While not binding precedent, the Court finds the Memorandum Opinion of Magistrate Judge Dennis W. Dohnal in <u>Zhang v. GC Services, LP</u>, 537 F.Supp.2d 805 (E.D.Va. 2008) instructive. Zhang filed a Fair Depbt Collection Practices Act and related state claims case against GC. After consenting to magistrate judge jurisdiction and discovery, the parties entered into a consent judgment based on GC's Rule 68 offer of judgment. Being unsuccessful in settling Plaintiff's claim for attorneys fees without court intervention, Plaintiff filed the required fee petition to which Defendant responded in opposition. Plaintiff sought to compel production of Defendant's counsel's time records in support the reasonableness of Plaintiff's claimed fees. In denying Plaintiff access to Defense Counsel's time and billing records Magistrate Judge Dohnal concluded:

> It is clear from a review of all relevant authority that the decision of whether a comparison of opposing counsel's time records and resulting fees would aid in the determination of the reasonableness of requested attorneys' fees is solely within the court's discretion.
> Not only have Plaintiffs failed to establish the relevance of Defendant's time sheets, it appears that Plaintiffs are attempting to shift the burden to the Defendant of proving the reasonableness of their own fees by having defense counsel produce their time sheets and defend the reasonableness of their efforts. Such production would be of marginal assistance to the Court, at best, while placing an undue burden on the defense.
>
> Additionally, post judgment discovery as to fee issues is rare. Not only has the Offer of Judgment already been accepted, the time period for normal, pre-trial discovery, as set forth in the Court's Scheduling Order, has also expired. Therefore, if Plaintiffs were to conduct additional discovery on their fee motion, it would be necessary for them to first petition the Court to reopen discovery so that the Court could properly monitor the situation. Plaintiffs have not done so. *Id.* 809.

In the instant case it appears Marks sole justification for seeking the billing records of Steptoe & Johnson is: " ... [I]t was the Defendants, themselves, who placed their attorneys; fees in controversy by drawing a comparison to the amount of fees they paid to the amount sought by

8

Plaintiffs, in their Response to Plaintiffs' Petition for Fees and Costs ...." [DE 227 p. 1-2];

"Defendants assertion of the amount of attorneys' fees they incurred, along with the gratuitous

observation, was obviously intended to infer that Plaintiffs' attorney fees were excessive when

compared to their own." [DE 227 p. 13]; "By attempting to persuade the Court that Plaintiffs'

attorneys' fees were excessive when compared to their own, Defendants relied on the fees charged

by their attorneys, S&J, rendering the same relevant and subject to proper limited discovery." [DE

227 p. 3]; "By asserting their attorneys' fees to challenge the amount of attorneys' fees sought by

Plaintiffs, the Defendants, themselves, made S&J's billing records relevant in this matter along with

all of the factors and elements which contributed to the final fee amount." [DE 227 p. 6]; and

"Here, however, it was the Defendants, themselves, who placed in controversy the amount of fees

they incurred by attempting to infer that the amount of attorneys' fees sought by Plaintiffs were

excessive in comparison. Thus, Defendants themselves rendered the fees they paid and the

calculation thereof relevant, and Plaintiffs are entitled to all appropriate discovery to rebut that

improper inference." [DE 227 p. 7]. No where does Marks argue the need for S&J billing records

in this case to establish any of the five factors to be considered under Quesinberry, *supra* or any of

the 12 factors to be considered under Barber, *supra*.

Instead, Marks heavily relies on a single statement by Defendant indirectly challenging the

reasonableness of Plaintiffs' claimed attorney fees by referencing the total fees paid by Defendant.

Marks cites to Henson v.Columbus Bank & Trust Co., 770 F.2d 1655, 1575 (11th Cir. 1985) as

support for his contention that " hours incurred and rates charged by opposing counsel were relevant

in direct support of a petition for attorneys fees." What Marks neglected to point out in his

memorandum [DE 227, p. 7], is:

This litigation has been going on for over ten years now. CB & T has spiritedly contested Henson's claims at every stage, including the reasonableness of his petition for attorneys' fees. While CB & T is entitled to contest vigorously Henson's claims, once it does so it cannot then complain that the fees award should be less than claimed because the case could have been tried with less resources and with fewer hours expended.

The district court repeatedly stated during the fees hearing and acknowledged in its opinion that it had trouble deciding an appropriate fee because of the available evidence. The trial judge was particularly concerned because plaintiff had used numerous lawyers and he felt, although he could not be certain, that many of the claimed hours were attributable to duplication. Henson asserts that he has presented all the information that he and his lawyers have concerning the time they spent litigating this case. He contends that because the district court was having trouble concluding whether or not these hours were reasonable, it would have been appropriate in this particular instance at least to allow discovery of the hours spent and billed by CB & T's lawyers during the litigation. He does not allege that the number of hours spent by CB & T's lawyers will conclusively prove or disprove the reasonableness of his petition, but rather that it will provide the court with additional information to use in evaluating the petition.

In light of the concerns the district court expressed regarding the reasonableness of the hours claimed in Henson's petition, it would seem most appropriate for the court to have allowed discovery of the evidence in question. While the concerns noted earlier regarding the relevancy of evidence of the other side's hours and fees are still prevalent, the trial judge may consider them as going to the weight of the evidence rather than its discoverability and admissibility.

Because there was a particular need for evidence in this case and because the defendant here has contested the reasonableness of the plaintiff's petition, we find that the district court abused its discretion in refusing to allow Henson discovery of CB & T's records concerning hours expended and fees paid. We therefore remand with instructions that the district court compel discovery of the hours expended by CB & T's lawyers and hold an additional hearing to reconsider Henson's fee petition. *Id.* 1575.

The 1985 case of Henson is limited to its unique facts and does not provide clear precedential guidance or application under the facts of the instant case.

To permit Marks to discover the S&J billing records, would require re-opening of discovery. It would require some determination of the issues raised by Steptoe & Johnson relative to attorney

client privilege and opinion work product privilege. It would require a determination through *en camera* review whether redactions proposed protected appropriately claimed privileges while still providing the information required by the subpoena duces tecum. These inquiries and determinations are the start of a second major litigation of the type frowned on by the United States Supreme Court in Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

F.R.Civ.P. 26 (b) provides the scope of discovery in a civil case:

> Unless otherwise limited by court order, the scope of discover is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. ... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. ...."

In the instant case, absent an attempt to claim a comparison between what Defendants paid and the claims of Plaintiffs as the basis for challenging the reasonableness of Plaintiffs' claimed fees, there is no relevance shown with respect to the issues of the amount and reasonableness of attorneys fees and costs claimed by Plaintiffs' counsel that justifies the required production of the billing records of Steptoe & Johnson. This is particularly true, when Defendants have offered to strike that specific herein objected to portion of their argument against Plaintiffs claims for fees. [DE 225, p. 13-14], an offer on which the Court relies and to which Defendants must now abide.

Since the Court decides the pending motion on the lack of relevance, there is no need to address the remaining issues of the parties.

### III. Order

Accordingly, Defendants' Motion to Quash Subpoena Duces Tecum Regarding Records of

Steptoe & Johnson, PLLC [Docket Entry 225] is **GRANTED**.                    .

       It is so **ORDERED**.

       The Clerk is directed to provide a copy of this Order to counsel of record and to remove

Docket Entry 225 from the docket of motions actively pending before the Court..

DATED: May 5, 2010

*John S. Kaull*
JOHN S.  KAULL
UNITED STATES MAGISTRATE JUDGE